## CAMPBELL v. LONG *et al.*

1. **Appeal:** EVIDENCE NOT SUBMITTED BELOW. Evidence which was not acted upon by the court below, will not be considered by the Supreme Court in the trial on appeal.

2. —— ORDER TO COMPLETE RECORD. It is competent for the District Court, after a cause has been appealed to the Supreme Court, to complete the record, by making an order that the evidence considered on the trial and not embraced in the record be properly certified to the Supreme Court.

3. **Statute of limitations:** REAL ACTIONS. When the cause of a real action accrued prior to the taking effect of the Code of 1851 (July 1st, 1851), an action thereon could be commenced at any time within five years after said date, if within twenty years after the cause accrued.

4. —— AS TO MINORS. The extension of time as to minors (Rev., 1860, § 2747), in cases in which the cause of action shall have accrued more than ten years before majority is attained, expires with the first year of majority.

5. —— IGNORANCE. Ignorance of a right does not prevent the operation of the statute of limitations.

*Appeal from Des Moines District Court.*

SATURDAY, JUNE 9.

FEBRUARY 18, 1840, Barker, for the use of Fitch, recovered judgment in the Des Moines District Court

against Amos Todd for $523.77 damages, and costs, $5.33. Todd then owned in fee, the undivided half of the S. ½ of section 26, T. 71, R. 2, W. Plaintiff claims that under an execution issued September 23, 1846, upon this judgment, her father, George W. Fitch, November 9, 1846, bought the interest of said Todd in said land, for $40, paid the money and took the proper certificate of the sheriff therefor; that her father died August 24, 1857; that she attained her majority December 1, 1860; was married May 1, 1861; first had knowledge of her rights in November, 1861; immediately consulted counsel and after proper time for inquiry and examination, instituted this suit, the notice being placed in sheriff's hands, April 12, and the bill filed May 16, 1862. She also avers, and it appears, that she is the sole heir of said George W. Fitch. No deed was ever made to plaintiff or her father, nor was the certificate ever recorded. It seems that October 26, 1840, there was paid on this judgment $350, and on the 24th of July, 1841, $195; that a *plu. fieri facias* was issued March 19, 1841, and another September 23, 1846, and under the last the sale was made to Fitch. The execution docket showed that this land was sold November 9, 1846, to said Fitch for $40.

May 25, 1841, Pope and West recovered judgment against Todd for $604.23; an execution issued thereon December 24, 1841, and thereunder the property in controversy was sold to plaintiffs (Pope and West), for $677.50. Defendant Long claims under this sale, and he and those under whom he claims were in the peaceable, uninterrupted adverse possession of the premises, from the year 1842 or 1843, without knowledge of plaintiff's rights, other than was imparted by the record above recited. During this time Long and his grantors made large and valuable improvements upon the land, consisting of houses, barns, fencing, &c., to the amount of certainly over two

thousand dollars, judgment for defendants, and plaintiff appeals.

*Richman & Carskadden* and *P. Henry Smyth* for the appellant.

*Tracy & Newman* for the appellees.

WRIGHT, J. — Appellant first objects that certain depositions and record evidence showing the basis of defendants'

1. APPEAL: evidence not submitted below.

title, the occupancy of the land and the nature of their possession, cannot be considered, because not offered and relied upon in the court below. If not thus used, then, of course, it cannot avail appellees on this appeal. We understand from the record, however,

2. — order to complete.

that after the appeal, defendant moved the District Court to direct the clerk of that court to send up as a part of the record in this cause, the evidence to which appellant now objects; that this motion was sustained, and that the clerk accordingly certifies the same as a part of the record. The substance of the whole matter is, that the record, as filed, was incomplete, and appellees applied to the court below to have it all, or the balance of the evidence upon which the judgment below was based, certified; that the application was sustained and the record is now complete. It is not a new or different record from that upon which the court below acted. And though the order was made *after* the appeal it brings before us the same record; and to appellees' right to have it all considered we can conceive of no possible objection.

Aside from costs made after the rendition of the judgment (and what these were, if any, there is no evidence), there was due on the Barker judgment, at the time of the purchase by Fitch, about one-half of the amount of his

bid on the land. And if we exclude the costs (which were not in terms included in the judgment), the amount unpaid was but little, if any, over five dollars. Fitch was the party in interest in that judgment, and hence bought with a full knowledge of its condition. In the next place, the execution was issued, the levy made and the sale took place in 1846, more than five years after the rendition of the judgment, and more than five years after the *plu. fieri facias*, and no steps were taken by *scire facias* or otherwise to revive the same. Appellees resist plaintiff's right to recover upon both these grounds. As in our opinion, however, the judgment is right upon another and third ground, we need not consider whether it can be upheld upon these other and certainly less conclusive ones. Plain-

3. STATUTE OF LIMITATIONS: real actions. tiff's remedy was barred, in our opinion, by the statute of limitations. That this is so, but for her minority (and another fact to be hereafter noticed), can scarcely admit of doubt. This express point, under the code of 1851, has been frequently ruled, and we need do no more than refer to the cases. *Montgomery* v. *Chadwick*, 7 Iowa, 114; *Wright* v. *Keithler*, Id., 92; *Kilbourne* v. *Lockman*, 8 Id., 380; *Clagett* v. *Conlee*, 16 Id., 487; *Johnson* v. *Hopkins*, 19 Iowa, 49, 1865. Even under the rule recognized in *Phares* v. *Walters*, 6 Iowa, 106, this action would be barred, for it was not commenced for more than ten years after the taking effect of the Code. And see *Bennett* v. *Bevard*, Id., 82.

The language of the statute is, that actions for the recovery of real property must be brought within ten years after their causes accrue. Rev., § 2740; Code, § 1659. This did *not* enlarge the period of limitation fixed by previous statutes; and when the cause of action accrued prior to July 1, 1851, the right to bring the suit would not extend beyond five years from that time, or to July 1, 1856. See cases above cited, and §§ 2753, 2754, 2755.

And the right to sue upon causes of action then accrued being left open or continued, and not cut off by the new statute, there can be no question as to its validity. It is not obnoxious to the constitutional objection of impairing the obligation of .contracts. *McCormack* v. *Rusch*, 15 Iowa, 127.

But the inquiry still remains whether plaintiff's minority can avail her under the section of the Revision (2747, Code, 1666) which declares that the limitation before fixed for "the recovery of real property shall not apply to minors so far as to prevent·them from having at least one year after attaining their majority within which to commence such actions." This means that they shall have at least one year, but may have more if the statute would give it to an adult; that is to say, if upon arriving at their majority the statute has two years to run, then they have the two years, and are not confined to one year after attaining their majority. But if three or six months still remains at their majority, or if the whole period has run, then they are to have one year thereafter, and cannot be cut off with less. To hold that they are ·to have at *least* one year in all cases, however long the statute may have run, and may have more, without limitation, would be in the face of the words and purpose ·of the statute. The object was to declare that the statute, during his minority, would not bar his action, and to give him one year thereafter, in any case, within which to sue. If the ten years had run before he was of age, he might sue during the minority. So he might after and at any time before the ten years expire. But if the ten years expired at a period short of one year after attaining his majority, or while he was a minor, then the action might be commenced within one year after majority, but not later than that. And as the plaintiff in this·case attained her majority December 1, 1860, as the action, if she had been an adult, was then fully

4. —— as to minors.

Campbell v. Long.

barred, and as she did not commence this suit until April 12, 1862, over sixteen months from the time she arrived at age, it follows that it was barred, and defendants were properly quieted in their title; unless the fact that she was ignorant of her rights until within a year before commencing the action shall avail to defeat the bar. And this is the last point relied upon for a reversal.

Upon this subject we are referred to *Brush* v. *Ware et al.*, 15 Pet., 108. There, however, some of the plaintiffs were

5. — ignorance. minors at the time the action was commenced. And indeed all the facts show conclusively that the court never intended to assert the broad doctrine for which plaintiff contends, to wit, that ignorance of a right will not prevent the operation of the statute. But for the exception in the statute, it would run against minors and adults alike. And courts are not at liberty to engraft upon the statutes exceptions which the legislature did not deem necessary. It is emphatically designed to be a statute of repose. No fraud is charged upon defendants, and if ignorance on the part of this plaintiff, because of her minority, shall defeat the bar of the statute, or operate to disturb defendants in their title or possession, then it would operate equally in favor of an adult. But this is not the policy of the statute. It contains no such exception. To allow it would make the statute virtually inoperative. Those in possession of real property, instead of being secure, would be constantly subject to actions commenced twenty, thirty or even double that number of years, by some one who shows that he or she was ignorant of their claim or right. The statute saves the rights of a party in actions for relief on the ground of fraud, declaring that it shall not be deemed to have accrued until the discovery of the fraud by the party aggrieved. § 2940, subd. 3, § 2941. And in recognizing this exception, in effect negatives that now insisted upon by plaintiff.

But the authorities are quite uniform upon this subject, as will be seen by the following: *Humbert* v. *Trinity Church,* 24 Wend., 586, citing *Troup* v. *Smith's Heirs,* 20 Johns., 33; *Leonard* v. *Pitney,* 5 Wend., 30; *Allen* v. *Miller,* 17 Id., 202; *Callis* v. *Waddy,* 2 Mumf., 511; and see, also, *Clark* v. *Reeder,* 1 Speers (S. C.), 398; *Short* v. *McCarthy,* 3 B. & Ald., 624; *Hamilton* v. *Sheppard,* 3 Murph., 115; *Bell* v. *Beeman,* Id., 273; *Granger* v. *George,* 5 B. & C., 149; Angel on Limit, 304, note 3. And as to the applicability of the rule and the statute in equity, as at law, see *Cholmondely* v. *Clinton,* 2 Jac. & Walk., 139; *Wright* v. *Le Claire,* 3 Iowa, 221; *Johnson* v. *Hopkins, supra.*

Affirmed.