Cowin *et al.* v. Toole *et al.*

1. Pleading: FRAUD. In charging fraud it is not necessary for the pleader to set out all the minute facts tending to establish it. If the fraud appears from the ultimate facts charged, it is sufficient.

2. Jurisdiction: DIRECT ATTACK OF JUDICIAL PROCEEDINGS. The district court has equitable jurisdiction to set aside and declare void proceedings of the probate court when directly attacked on the ground of fraud.

3. Statute of limitations: ADMINISTRATOR'S SALES: FRAUD. It seems that section 2388 of the Revision, limiting actions for the recovery of real property sold by an administrator to five years from the date of the sale, does not apply to a case where the proceedings are attacked on the ground of fraud; and in such case the statute will, under sections 2740, 2741, commence to run only from the time of the discovery of the fraud.

Cowin v. Toole.

*Appeal from Louisa District Court.*

WEDNESDAY, JUNE 14..

THE petition shows that Peter Keever, Sr., in his life-time made a will, which, after his decease, in 1849, was duly proved, containing the following clause, viz. :

"I give and bequeath to my son, Peter Keever, Jr., the use and occupation of all my landed estate (except the house and lot devised to Abigail Shaw) and in case of his marriage and having children, his said child or children are to have the said lands after the death of my son Peter; and in case of the death of my son Peter without child or children, it is my wish that my daughter, Margaret Keever, have the said lands in fee simple." The lands are described in the petition, and contain several hundred acres, situated in the county of Louisa, together with certain town lots in the village of Toolesborough in said county. The plaintiffs also aver that Peter Keever, Jr., died in 1849 without issue, and the lands, under the will, became the property in fee simple of Margaret; that Margaret died in the year 1851 in the State of California, leaving the plaintiff, Amanda M., then six years old, her only child and heir at law of said property. It is also alleged that the defendant, Wm. L. Toole, was appointed and qualified as executor of the will of Peter Keever, Jr., in the year 1849; that he has never finally settled his accounts and been discharged as such executor; that he came into possession of a large amount of personal assets, belonging to the estate, more than sufficient to pay all the debts of the estate; that all these assets have been wasted, and that through fraud and false reports to the county court, from time to time, orders have been obtained under which all the lands have been sold by the executor; that said sales are void for fraud and illegalities in the same; that the purchasers thereof had

knowledge of the frauds and illegalities practiced by the executor, and that the lots in the town of Toolesborough were sold by the executor without any order of the court or other authority.

The petition prays that the sales be set aside and that the defendant, Toole, be required to account, etc., and for general relief.

The plaintiffs further aver that Amanda M. was about six years old when her mother took her to California, where her mother soon after died ; that said Amanda continued to reside in California until a few months previous to the bringing of this action, when she came to Iowa to reside ; that she had no knowledge whatever of the matters alleged in the petition, before returning to Iowa ; that the frauds alleged were only discovered within six months previous to bringing suit.

To this petition the defendants demurred, the demurrer sustained, and plaintiffs appeal.

*Cloud & Broomhall* for the appellants.

*James S. Hurley* for the appellees.

MILLER, J.— I. Numerous grounds were stated in defendants' demurrer. Only those, however, presented in argument will be considered.

The appellees insist that the averments of fraud in the petition are insufficient ; that the statement of facts must be such that the court will be enabled to determine why the sales are fraudulent. The petition distinctly avers that a large amount of assets belonging to the estate of the testator came into the hands of defendant Toole, executor ; that the same has not been by him in any manner accounted for ; that, for the purpose of cheating and defrauding the estate and the plaintiff, and for the purpose of placing the

*1. PLEADING: fraud.*

title to the real estate beyond the reach of plaintiff and
other heirs, the defendant falsely and fraudulently con-
cealed the fact that he thus held this large amount of personal
sonal assets, and made false and fraudulent returns to the
county court, from time to time, and thereby fraudulently
procured orders for the sale of the real property; and other
similar averments of fraud are made.

All these averments which, in our opinion, show a series
of transactions steeped in the deepest fraud, are confessed
by the demurrer, and are sufficient. In charging fraud,
it is not necessary or proper for the pleader to set out all
the *minute* facts tending to establish it. The ultimate
facts and not the evidence should be pleaded. *Singleton*
v. *Scott*, 11 Iowa, 589; Rev., § 2945. If the statement of
facts is not sufficiently specific, it may be assailed by mo-
tion, but is not demurrable for this defect. Rev., § 2948.

II. The demurrer also raises the question of the juris-
diction of the district court to grant the relief prayed, and
2. JURISDIC- it is insisted in argument, that that court, under
TION: direct
attack of ju- the showing made by the plaintiffs, has no right
dicial pro-
ceedings. to review and set aside the rulings of the pro-
bate court, and in support of this position we are cited to
the case of *Pursley* v. *Hayes*, 22 Iowa, 33, and cases
there cited. In that case it was held that, " if the juris-
diction of inferior tribunals has once attached, every in-
tendment will be made in favor of the validity of all its
subsequent proceedings, and mere *irregularities and defects*
will not avail in a collateral proceeding." In the case
before us, however, the proceedings of the county court
are *directly* attacked, not for mere irregularities or defects,
but for fraud, for which even the judgments of superior
courts may be attacked and set aside in a direct proceeding.
See *Dunlop* v. *Cody*, and *Whetstone* v. *Whetstone*, *ante*,
and cases cited.

The relief sought in this case can only be granted in a
court of equity, and the district court has exclusive juris-

diction of equity causes, properly so called, in original proceedings.

The demurrer on this ground was improperly sustained. See § 4, art. 5, New Const.; Rev. of 1860, § 2663; *Sterrett* v. *Robinson*, 17 Iowa, 61; *Richardson* v. *Barrick*, 16 id. 407, and cases cited.

III. The remaining question presented is that of the statute of limitations. Appellee relies on section 2388 ot

3. STATUTE OF LIMITATIONS: administrators' sales: fraud.
the Revision of 1860, and on *Campbell* v. *Long*, 20 Iowa, 382. The statute referred to is as follows: "Section 2388. No action for the recovery of any real estate sold by an executor can be sustained by any person claiming under the deceased, unless brought within five years next after sale." In our opinion the case does not come within this section, but is to be governed, in respect to the time within which the plaintiff may sue, by the third subdivision of section 2740 of the Revision, which is as follows: "Section 2740. The following actions may be brought within the times herein limited respectively after their causes accrue, and not afterward, etc.

\* \* \* \* \* \* \* \* \* \*

**3.** Those founded on unwritten contracts, those brought for injuries to property, *or for relief on the ground of fraud in cases heretofore solely cognizable in a court of chancery*, and all other actions not otherwise provided for in this respect, within five years." The plaintiff seeks relief from certain orders and proceedings of the probate court procured by the defendant by fraud, and for relief from the alleged fraudulent acts and doings of the defendant under such orders and proceedings. This cause of action was heretofore and still is solely cognizable in a court of chancery. The statute therefore commences to run from the time of the discovery of the fraud. It has been held by this court that when the legal title to real property has been obtained by fraud, an action to recover,

by the actual or equitable owner, may be commenced at any time within five years after the discovery of the fraud. *McLenan* v. *Sullivan*, 13 Iowa, 521. In that case, which was a suit in equity for the recovery of the land, it was objected that the plaintiff's right to recover was barred by the statute of limitations, the action not having been brought within ten years next after the cause of action arose, but it was held that, the action being brought by the equitable owner against the holder of the legal title who obtained it by fraud, the plaintiff had five years from the discovery of the fraud in which to sue. The case of *Campbell* v. *Long*, 20 Iowa, 382, cited by appellee's counsel, is not in conflict with *McLenan* v. *Sullivan*, and has no bearing whatever upon the question under consideration. In that case no allegations of fraud were made. The action was for the recovery of real property of which the plaintiff claimed to be the owner as heir of George W. Fitch, who, it was alleged, purchased the same at sheriff's sale. The plaintiff was a minor when her father died. The action was brought more than one year after she attained her majority, and it was held that the extension of time, as to minors, under section 2747 of the Revision, in cases in which the cause of action shall have accrued more than ten years before majority, expires with the first year of majority; and that *ignorance of a right* does not prevent the operation of the statute of limitations.

In the case before us the allegations of the petition show that plaintiff is the equitable owner of the property in dispute; that she has been deprived of the legal title by the *fraud* of defendant Toole; that his grantees had knowledge of the fraud, and that *such fraud* came to her knowledge within five years prior to the commencement of the action. Her right to prosecute the suit is, therefore, not barred, and the demurrer should have been overruled.

Reversed.