## PHARES *v.* WALTERS.

Courts of equity exercise a general concurrent jurisdiction with courts of law, in the assignment of dower, in all cases.

Where the jurisdiction is concurrent, courts of equity, equally with courts of law, are bound by the statute of limitations; and they act in obedience to the statute, rather than by way of analogy to the law.

Where in a chancery proceeding, the bill states a case within the statute of limitations, the objection may be taken in a defence by demurrer.

If a complainant in chancery, be within any of the exceptions of the statute of limitations, it is his duty to state it in his bill.

An action to recover dower is included within the general statute of limitations, (chapter 99 of the Code), and will be barred in the same time with other actions for the recovery of real property.

It was the intention of the legislature to make the statute of limitations (chapter 99 of the Code), retrospective.

Section 1672 of the Code was intended to apply to causes of action

Phares v. Walters.

accruing before the Code, and not then barred, where the period of limitation is enlarged; and in such cases, whether the right of action, (if on a promissory note), had accrued one day, or five years, the party is entitled to *at least* five years, after the Code took effect, in which to commence his suit, and as much longer as would make ten years from the time the right of action accrued.

So, section 1673 applies to those cases where the period is not enlarged by the Code; and under it, (in actions for the recovery of real property), a party is confined to twenty years from the time the cause of action accrued, if it accrued before the taking effect of the Code; but if such twenty years would run beyond ten years from July 1, 1851, it is not to so run, but would expire July 1, 1861, and as much short of that time as, counting from the period the right of action accrued, for twenty years, it would fall short.

Action for the recovery of dower, commenced October 2, 1857. The petition alleged that the death of the husband took place October, 1842. Demurrer to the petition, on the ground that upon the facts stated therein, the petitioner's claim was barred by the statute of limitations. Demurrer overruled: *Held*, That the demurrer was properly overruled.

*Appeal from the Lee District Court.*

Thursday, June 10.

The petitioner, as the widow of Johnson J. Phares, claimed dower in a lot in the town of Fort Madison. The husband died, October 22, 1842, and this action was commenced October 2, 1857. Defendant demurred to the petition, for the reason that upon the facts stated therein, petitioner's claim was barred by the statute of limitations. This demurrer was overruled, and defendant appeals.

*J. M. Beck*, for the appellant.

I. The statute of limitations may be taken advantage of upon demurrer, where such objection appears upon the petition. Story's Eq. Plead., sec. 484; *Parson* v. *David*, 1 Iowa, 33.

II. The first question for consideration is, is the action which may be brought to recover dower in Iowa, within the provisions of the statute of limitations. Statutes of

limitations, so far as they are noticed by the books, may be divided into two classes: 1. Those statutes which operate to protect the defendant, or the party in possession of land, against all actions, or certain specified actions, brought against him after a fixed time, by declaring that possession for such time, vests the full and perfect title to the lands. 2. Those which operate upon the plaintiff—the one seeking by suit to recover the land—by prohibiting him from recovering after a specified time. Of the first class are the statutes of New Jersey. 2 Hilliard on Real Property, 178, sec. 58; Appendix to Angell on Limitations, third edition, 1, xxii. And of South Carolina: 2 Hilliard on Real Property, 181, sec. 70; Angell on Limitations, Appendix to third edition, xcv. Dower is barred by the statute in New Jersey: *Berrion* v. *Conover*, 1 Harrison, 107; Angell on Limitations, 441. So, in South Carolina: *Ramsey* v. *Dogen*, 1 Constitutional Rep., 112; *Boyle* v. *Rowand*, 3 Dessaussure, 555; 4 Kent's Com., 70. Of the second class may be included the following: The English statutes, 35 Henry 8, sec. 2; Angell on Limitations, Appendix third ed., i; 21 Jac., 1, ch. 16; Angell on Limitations, Appendix, third ed., iii. New Hampshire: Angell on Limitations, Appendix, third ed., xiv.; 2 Hilliard on Real Property, 177, sec. 53. Maryland: Angell on Limitations, Appendix, third ed., 1, xxxi.; 2 Hilliard on Real property, 179, sec. 61. North Carolina: Angell on Limitations, Appendix, third ed., xcii; 2 Hilliard on Real Property, 179, sec. 63. Georgia: Angell on Limitations, Appendix, third ed., xcix; 2 Hilliard on Real Property, 180, sec. 65. Massachusetts: Angell on Limitations, Appendix, third ed., xixii; 2 Hilliard on Real Property, 175, sec. 50. The American statutes, in this class, follow the English statute of 32 Henry 8, or 21 James 1. As to the English statutes, they provide that no right of entry, nor certain forms of action—ejectment, formedon, &c.—can be brought, unless within a certain time. They use such technical words, and so prescribe the form of action, that they very properly are construed not to bar actions which

may be brought to recover dower, upon the grounds and for the reasons I have given. Dower is barred by the statute in New Hampshire, Massachusetts and Maryland. *Barnard* v. *Edwards*, 4 New Hamp., 107; *Parker* v. *Obear*, 7 Metcalf, 24; *Wells* v. *Beal*, 2 Gill and Johnson, 468. Dower gives no right of entry at common law, until after assignment. Coke on Littleton, sec. 39; 1 Hilliard on Real Property, 183. Writs of ejectment, which are based on entry and ouster, will not lie for dower. Adams on Ejectment, marg., page 68, fourth Am. ed., 25. Nor will writs of formedon, which are brought by the issue in tail, or the one having the reversion or remainder of an estate. Coke on Littleton, sec. 595. Nor, in fact, will any other common law possessory writ lie, for they are all based on entry and seizin. The proper form of writ to recover dower, is "a writ of dower *unde nihil habet*," or a "writ of right of dower." 2 Bacon's Abridgement, 756; 1 Hilliard's Real property, 168, secs. 30 and 31. These common law writs for the recovery of dower, are not within the statute of 32 Henry 8, or 21 Jas. 1; nor of any of the statutes above named. Neither is dower recovered in any of those States, by any writ or form of action that is within the statutes; 1 Hilliard's Real Property, 172, sec. 52, and *seq.* pages 173, 4, 5, 6, and 7.

The statutes of Ohio and Iowa belong to the second class in the division I have made, but they differ widely from the English and American statutes above noticed, as they bar all actions brought to recover any title or interest in lands, after the expiration of the times therein respectively fixed. In Ohio, it is held that actions to recover dower, are within the statute. *Tuttle* v. *Wilson*, 10 Ohio, 24; 2 Hilliard's Real Property, 181, sec. 70; Angell on Limitations, App. third ed., cxxi; Code, sec. 1659, part 4. I conclude that any action to recover dower, is within the statute of limitations, and will be barred thereby.

III. Within what time will the statute of Iowa bar a recovery for dower? Code, chap. 99, 244. There is a little obscurity in sections 1671, 2 and 3 of the Code, but

they will be readily comprehended, with a little care. Section 1672 qualifies section 1671, and provides that in all cases arising before the Code, the time shall run after the Code for one-half the time therein fixed. Section 1673 qualifies this qualification; so that the time fixed by the Code, in cases where the time now is not greater than it was formerly, shall not exceed the time fixed by the law in force before the Code. The only cause of confusion in the mind, in reading this section is, that we may give the word "greater" the force of two words, "greater or less." This section, it will be observed, does not provide that the time "shall in no case be *less* than before the Code," but that it shall not be greater, in cases where it is not enlarged by the Code. It is not enlarged in actions to recover land, and as this section, (1673), is only a qualification on the preceding one, to prevent the time from being greater than that limited before the Code, in case of an enlargement thereof by the Code, it has nothing to do in limiting or qualifying the two preceding sections, in their application to actions for land.

The statute of limitations in force before the Code, (Rev. Stat. 1843, chap. 94, 385), is similar to the English statutes, and did not bar recovery of dower. Therefore, the time under the Code is not an enlargement of the time fixed by the old law. Section 1673 of the Code is not to be considered, in determining the time as at present limited. Section 1659, part 4, limits the recovery of real estate to ten years; the cause of action in this case accrued in 1842. At the expiration of five years from the first of July, 1851, (when the Code took effect), this cause was barred.

IV. Chancery has concurrent jurisdiction with law in cases for dower: 4 Kent's Com., 72; 1 Hilliard on Real Property, 170; 1 Story's Com., 624. Statutes of limitation are followed and obeyed by courts of chancery, particularly in those cases where there is a remedy both in law and in equity. 2 Hilliard on Real Property, 174; 2 Story's Eq., 1520; *Wright* v. *Le Claire*, 3 Iowa, 227;

*Miller* v. *McIntire*, 6 Peters, 65.   Section 1397 of the Code, limits the recovery of dower in the form of admeasurement to ten years.   For construction of statutes of limitations, Angell on Limitations, sec. 23.   As to right of dowress to possession, 1 Hilliard on Real Prop., 163.   As to adverse possession of dowress, 1 Hillard on Real Prop., 86, and 176, 7,   Tomlin's Law Dictionary.

*Rankin*, *Miller & Enster* for appellee.  [No brief of counsel for appellee was found upon the files.]

WRIGHT, C. J.—The result of the various decisions, as recognized by Story, J., is, that courts of equity exercise a general concurrent jurisdiction with courts of law in the assignment of dower, in all cases.   Eq. Jur., sec. 624.   In such cases, (where the jurisdiction is concurrent), courts of equity, equally with courts of law, are bound by the statute of limitations ; and they act in obedience to the statute, rather than by way of analogy to the law.   *Wright* v. *Le Claire*, 3, Iowa, 221.   And in the same case, it is said, that while cases of account, of fraud, of partition, of dower, and the like, might be brought in either jurisdiction, yet the statute of limitations applied in one court, as wel as in the other.   In *Pierson* v. *David et al*, 1, Iowa, 23, it was also settled, that where in a chancery proceeding, the bill states a case within the statute of limitations, the objection may be taken in defence by demurrer ; and that if the complainant be within any of the exceptions of the statute, it is his duty to state it in his bill.

In the case before us, the petition avers that the husband died on or about the 22d of October, 1842; "that during coverture with petitioner, he was seized in fee simple, and as of an estate of inheritance, of the following lot, (describing it); that at the present time, this interest is vested in the defendant; that she never, in any way, connected herself with any conveyance to defendant, or any other persons; that upon the death of her husband,

she became, and still is, entitled to her dower in said premises; and that during all this time, said lot has been worth a rent of seventy-five dollars per annum, no part of which has ever been paid her. She therefore asks that defendant be required to account to her for the rents, issues and profits, which have accrued since the death of her husband, and be decreed to pay her one-third of the amount thereof; that a partition be ordered, which shall secure to her one-third in value of said lot, with all the rents, issues and profits, to be by her had, received, and enjoyed for her sole and separate use, for and during her natural life; and for such further relief as may be decreed just and equitable."

That this petition must be considered as addressed to the chancellor, we think is quite clear. And that this is its character, does not appear to be seriously controverted by counsel for appellee; but his first position is, that the defence of the statute of limitation, cannot be made by demurrer, but must be set up by way of answer or plea, or both. We have already seen, however, that the rule is otherwise in chancery; and we, therefore, proceed to inquire, whether complainant's action was barred at the time of the commencement of this suit.

It is conceded by appellant, that the statute of limitations in force in this state, prior to the adoption of the Code, was similar to the English statutes of 32 Hen. 8., ch. 2, and 21 Jac., 1. ch. 16., and that it did not bar an action for the recovery of dower. And from the nature and character of the action, text-writers have laid down the general rule, that such statutes do not bar dower, unless they contain language which brings it plainly within their meaning and scope. 4 Kent, 70.

The language of the Code is, that actions for the recovery of real property, may be brought within ten years after the cause of action accrued, and not afterwards; section 1659. Taking this section, in connection with the definition of "real property", as given in section 26, which is, that it includes lands, tenements, and heredita-

ments, and all rights thereto, and interests therein, equitable as well as legal, and it would seem to follow, that an action to recover dower, was included within the general statute, and would be barred in the same time with other actions for the recovery of real property. And thus treating the subject, appellant insists that sections 1671, 2 and 3, when properly construed, with reference to causes of action accruing before the taking effect of that Code, and not then barred, do not aid the claimant, but are conclusively in his favor.

These sections are, in substance, that the provisions of the chapter, (including section 1659), are intended to apply to causes of action which had already accrued, and were not yet barred, subject to certain regulations, which are : *First.* That the times hereafter allowed for commencing actions in such cases, shall not be less than one half the periods of limitation herein respectively prescribed, except—*Second.* That where the period of limitation heretofore fixed by statute, is not enlarged by section 1659, the time allowed for the commencement of a suit, shall, in no case, be greater than that fixed by the law heretofore in force, as applied to such cases. We have had some difficulty in giving a satisfactory construction to these sections, but have finally concluded that their meaning, as applied to the case before us, is in substance this : It was the intention of the legislature to make the act retrospective, and hence, it is expressly declared that the provisions of the chapter are intended to so apply. To prevent the hardship and injustice which might result from so general and sweeping a clause, and not at once to destroy a right which existed under the old law, certain regulations were given. One regulation is, that if the period of limitation heretofore fixed, (or fixed by previous statutes), is *not enlarged,* then the Code is not to be so construed as to give a longer time than that fixed by such previous law or statute. Thus, if the former period was twenty years, and by the Code it is reduced to ten years, and seventeen years had run before July 1, 1851, the cause of action

would be barred July 1, 1854. In other words, as twenty years was the time within which it should have been commenced by the law heretofore in force, it was not intended, by anything contained in the Code, to increase that time. In the case before us, we have seen, that there was, before the Code, no period of limitation fixed by statute; and it is, therefore, clearly one of those cases where the period is not enlarged. It is equally clear that, within the meaning of section 1673, it is not barred by any law heretofore in force, for there was none applicable to such cases.

It thus seems to us, that we must ascertain whether any other regulation contained in these sections is applicable, and what that regulation is. Let us look at section 1672, which is, "the times hereafter allowed for commencing actions in such cases, (having reference to causes of action which had accrued, and were not barred, before the taking effect of the Code), *shall not be less than one-half the periods* of limitation herein respectively prescribed." In the case before us, as we have already seen, the period prescribed is ten years, and one-half of that time, counting from the taking effect of the Code, would expire July 1, 1856. But the material question is, what are we to understand by the words, "not less than one-half the periods," &c.? On the one side, it is claimed, that in no case can a party, after the Code took effect, have more than one-half the periods respectively prescribed in sec. 1659, but that he may be confined to less, in that class of cases where the period, by the Code, is not enlarged; and where the unexpired time, under the old law, is less than one-half the period fixed by the new. On the opposite side, the position is, that a party is entitled to at least one-half, but not necessarily confined to it. Those maintaining the latter position, admit that it was not intended to extend the time for commencing actions, where the period is less, as fixed by the new, than it was under the old law. But as applied to actions for the recovery of real property, the construction claimed, as we understand it, is this: The law heretofore in force in such cases, fixed the period for

commencing actions at twenty years—the Code fixes it at ten years.  If sixteen years had run before the Code, then only four years would be allowed afterward; if nineteen, then one; if fifteen, then five.  But if less than fifteen, then the action might be brought at any time before the expiration of twenty years from the time the cause of action accrued, provided that not more than ten, of the twenty years, should elapse after July 1, 1851, or the taking effect of the Code.  Thus, if fourteen years had elapsed, before the taking effect of the Code, then six years would run after; if thirteen, then seven; if eleven, then nine; if ten, then ten; if nine, then ten; if one, then ten; but in no event can more than ten years be allowed to run after the taking effect of the Code.

The case of *Bennett* v. *Bevard*, *ante*, 82, arose upon a promissory note, and it is there held, that while in such a case, a party is entitled to at least five years, after the Code took effect, within which time to commence his action, he is not necessarily so confined, if the ten years from the time the cause of action accrued, would extend it beyond the five years.  And this conclusion was mainly deducible from the language of section 1672; for if it had been the intention to limit the right of action to the five years, it clearly seems to us, that the legislature would have used language more appropriate to express that intention.  How easy would it have been to have said, that " the times hereafter allowed for commencing actions in such cases, shall not be *more* than one-half," &c.  And could the law-making power more clearly express the opposite intention, than by the use of the words, " shall not be less"?  It seems to us, that not until we can say that *less* means *more*, would we be justified in saying, that a party is confined to the five years after the Code took effect.  Thus viewing the law, we are brought to the conclusion, that the demurrer in this case, was properly overruled.  Section 1672, in its terms applies to all actions, and but for the concluding language, and reference to the succeeding section, would apply to

cases where the former periods are not enlarged, as well as to where they are. But section 1673 gives the rule, where the periods are not enlarged, and that is, that it shall not be greater than that fixed by the previous law, even if the period running under the Code shall be less than one-half the periods prescribed for such respective actions by sec-1659. If, however, to make the period under the old law, it shall run beyond half the periods so prescribed, such term is to be allowed; provided, that not more than ten years, in any event, shall run after the taking effect of the Code. Our conclusion, then is, that section 1672 was intended to apply to causes of action accruing before the Code, and not then barred, where the period of limitation was enlarged; and that in such cases, whether the right of action, (if on a promissory note), had accrued one day or five years, the party was entitled to at least five years, after the Code took effect, and as much longer as would make ten years from the time the right of action accrued. We further conclude, that section 1673 applies to those cases where the period is not enlarged by the Code, and, that under it, (in actions for the recovery of real property), a party is confined to twenty years from the time the cause of action accrued, if it accrued before the taking effect of the Code; but if such twenty years would run beyond ten years from July 1, 1851, it is not to so run, but would expire July 1, 1861, and as much short of that time as, counting from the time the right of action accrued, for twenty years, it would fall short. Thus, to illustrate: the complainant's right of action accrued October 22, 1842, and counting the full twenty years, (supposing that to be the period applicable to her case), it would have been barred October 22, 1862; but, under the Code, it would be barred July 1, 1861. If it had accrued October 22, 1850, then it would have been barred at the same time, or July 1, 1861. If it had accrued October 22, 1840, or October 22, 1838, then it would have been barred before July 1, 1861, or in October, 1860, or in October, 1858.

In conclusion, we may say, that we have found great

difficulty in giving a construction to the provisions .of the Code under consideration, and quite as much difficulty in expressing, in a clear manner, the construction which, in our opinion, they should receive. The construction given, if not in all respects satisfactory, is, to our minds, more so, and more in harmony with the language used, than the opposite one.

The order overruling the demurrer in this case, is therefore affirmed.

Decree affirmed.