## STARRY v. STARRY.

1. **Statute of limitations:** DOWER. Section 2428, Revision of 1860, has reference to the admeasurement of dower by the county court; but courts of equity have concurrent jurisdiction with the courts of law in the assignment, and the jurisdiction is not limited by the provisions of said section.

2. **General statute:** DOWER. The case of *Phares* v. *Walters*, 6 Iowa, 106, has no application to a proceeding in equity to admeasure dower, when the defendant has not been in the adverse possession of the property, denying the right of the plaintiff more than ten years prior to the commencement of the suit.

3. **Practice:** OBJECTIONS. Points which the record shows were not made in the court below, will not be considered in the Supreme Court.

*Appeal from Jones District Court.*

FRIDAY, OCTOBER 12.

DOWER: STATUTE OF LIMITATIONS.—The plaintiff is the widow of Alexander Starry, who died intestate in March, 1852, leaving seven children his heirs at law. In the following August one of these children (Lucinda) died unmarried, without issue and intestate. The other six children survive, and are the defendants. The said Alexander died seized of certain lands, in the possession of which the plaintiff, his widow, has ever since been. The present suit was commenced in the District Court, November 25, 1865, more than ten years after the death of the said Alexander, and after the plaintiff was appointed administratrix of his estate.

· The dower of the plaintiff was never admeasured or set off to her by the County Court. The present action is brought by her to recover her dower, and to have it and her share, as the heir of her deceased daughter (Lucinda), set off to her.

The appellants (one of her daughters and said daughter's husband) filed an answer claiming that the plaintiff was barred by section 2428 of the Revision, which provides that "the application" [in the County Court] "for such admeasurement [of dower] by referees may be made at any time after twenty days and within ten years after the death of the husband," &c.  It is also claimed that she is barred by the general statute of limitations.

The District Court decided against the limitation and granted the plaintiff the relief asked.

Defendants, Byam and wife, appeal.

*F. S. & John McKean* for the appellants.

*C. R. Scott* for the appellee.   ·

DILLON, J.—I. At the time of the death of the husband, in 1852, the law (Code of 1851, § 1394) entitled the plaint-

1. STATUTE OF LIMITA-TIONS: dower.

iff "to one-third in value" of his real estate, to be set apart as "her property in fee simple." This the court gave her, and to this she was entitled, unless her claim is barred by section 2428 of the Revision quoted in the statement (Code of 1851, § 1397), or by the general statute of limitations. As more than ten years had elapsed, this section would bar her from proceeding in the County Court to have her dower admeasured to her by or under the direction of that tribunal.  But courts of equity exercise a general concurrent jurisdiction with courts of law in the assignment of dower. (Story Eq. Jur., § 624; *Phares* v. *Walters*, 6 Iowa, 106 ;.

*McCrany* v. *McCrany*, 5 Iowa, 232; *Gano* v. *Gilruth*, 4 G. Gr., 453.

The jurisdiction of a court of equity is not taken away by the special proceedings provided for in the County Court. And the limitation provided by section 2428 only applies to proceedings in County Courts. See Rev., § 3605; *Waples* v. *Marsh et. al.*, 19 Iowa, 381; *Sterritt* v. *Robinson*, 17 Iowa, 61.)

.II. Again it is claimed that this is a *real* action which 2. GENERAL is barred by the general statute of limitations. STATUTE: dower. Rev., § 2740, subd. 4.

In support of this point *Phares* v. *Walters*, 6 Iowa, 106, is cited. But that case has no application. In the present case, the plaintiff is and has been in the peaceable possession of the property since the death of her husband. If the appellants had been in adverse possession of the property more than ten years, denying the right of the plaintiff to dower, then the statute, as was held in the case last cited, would apply.

III. The point is made in argument that the plaintiff 3. PRACTICE: cannot recover in *this action*, because she has objections. not shown that the defendant *denied* her right before suit brought. Rev., § 3605.

To this it is sufficient to state that the record does not show that any such point was made in the District Court. On the contrary, it is fairly inferable from the nature of the exception to the decree, that no such position was there taken. This objection is not presented in any of the pleadings. It cannot successfully be made for the first time in this court. It is unnecessary to consider its effect if it had been made in the court below.

Affirmed.