RICE v. NELSON.

1. **Tax sale: WHO ENTITLED TO REDEEM: DOWER.** A person holding a deed for an unassigned right of dower in certain real estate has such an interest therein as entitles him to redeem the same from a tax sale. And he may thus redeem not merely a part, or to the extent of the dower interest, but the whole estate.

2. —— **GENERAL RULE.** It may be laid down as a general rule, that any right, whether in law or equity, whether perfect or inchoate, in possession or action, or whether in the nature of a charge or incumbrance on the land, amounts to such ownership as will entitle the party holding it to redeem the land from tax sale.

3. —— **CONSTRUCTION OF REDEMPTION STATUTES.** The statutes providing for redemption from tax sales are to receive a liberal construction.

4. —— **IMPERFECT DESCRIPTION IN CERTIFICATE: EVIDENCE.** A certificate of tax sale described certain lots sold as in "Hoxie's Add." (meaning "Hoxie's addition to Des Moines"). The certificate of redemption from the tax sale described the lots by numbers, but omitted the name of any town or addition. It referred, however, with accuracy to the sale, its date, the amount for which sold, the years for which sold, and that the purchaser had since paid a certain amount of taxes thereon. *Held,* under the circumstances of the case, that the identity was sufficiently established to admit in evidence the certificate of redemption in an action of right, for the purpose of showing that a redemption had been made.

5. **Dower: ACTION TO RECOVER.** In addition to the special proceeding in the County Court provided by statute, and to a petition in equity a widow may recover her dower by an action under chapter 144 of the Revision, providing for actions for the recovery of real property.

Rice v. Nelson.

6. —— STATUTE OF LIMITATIONS. Such an action is included within the general statute of limitations, and must be brought within the same time as other actions for the recovery of real property; but the statute does not begin to run as against the dowress or her assignee and in favor of the heir or his assignee, until he either denies the right of dower or does some act equivalent to such denial.

## Appeal from Polk District Court.

### TUESDAY, APRIL 27.

REAL ACTION. — Upon the filing of the defendant's answer, the cause was, on his motion, transferred to the equity docket. Trial and judgment for plaintiff.

*Byron Rice pro se.*

*Polk & Hubbell* for the defendant.

WRIGHT, J.—Defendant resists the right of plaintiff to recover, upon the ground that he, in December, 1862, 1. TAX SALE: purchased the property for taxes; that it never who entitled to redeem: dower. has been redeemed; and he asks in his answer (which is in the nature of a cross-bill) that the treasurer, whom he makes a party, may be decreed to deed the same as required by the certificate of such purchase, etc. Plaintiff maintains that, in July, 1864, he, having an interest in said property, duly redeemed the same; and upon the validity of this redemption hinges this controversy.

Appellant insists, 1. That before appellee could redeem he must have had a valid subsisting interest in the property; that such interest he did not have, because he simply held a deed for an unassigned right of dower, which passed no right whatever. ·

2. If the deed passed any interest, any right there-under was barred by the statute of limitations, as no effort had been made to have the dower assigned.

3. He only acquired by his deed a life estate, and could only redeem such interest, and not the whole.

4. From the evidence there was no redemption.

The land in controversy was entered by Pierce B. Fagan in October, 1848, who conveyed to Hoxie, July 23d, 1856. Hoxie deeded to Crocker, Aug. 18th, 1857, and Crocker to plaintiff, June 29th, 1859. It also appears that Fagan, April 12th, 1850, conveyed the same property to one Hickman. In December, 1850, the widow of Hickman sold and conveyed all her right and estate, legal and equitable, as well as her right of dower, to one Wilson, who, on the 20th day of April, 1857, deeded all his right and interest to the above-named Hoxie and Crocker. It will thus be seen that the deed to Hickman from Fagan was before that to Hoxie; but that before the convey-ance to Crocker, and hence before plaintiff obtained title from Crocker, Hoxie had all the title held by the widow of said Hickman. Plaintiff, therefore, took all the title held by Crocker or Hoxie, whether they derived the same directly from Fagan or his grantees. Would the interest thus held entitle him to redeem the property? We an-swer yes — and not merely a part, or a life estate, but the whole. He had, in the language of the law, a valid sub-sisting interest in it. Rev. §§ 779, 780.

On this subject the authorities use this language: " In the same estate there may exist a fee simple and life interest, or a leasehold. The estate may have been mortgaged to secure a debt, and judg-ment creditors may have liens upon it, and the land may be in the adverse possession of a stranger to the title, and whose possession may be ripening into a title. Each is an owner according to the extent of his interest or claim,

2. —— general rule.

and each has a right to protect his interest by a redemption from the tax sale. No one can complain of this. The government collects her tax, and the purchase-money is refunded to him who claims under the tax sale. Take the case of a judgment creditor: the debtor, by collusion with the purchaser, might divest himself of title so as to defraud the creditor, unless the latter had a right to redeem, and thus disincumber the land and subject it to his lien. It may, therefore, be laid down as a general rule, that any right, whether in law or equity, whether perfect or inchoate, whether in possession or action, amounts to ownership in the land, and that a charge or lien upon it constitutes the person claiming it an owner, so far as it is necessary to give him the right to redeem. Blackwell on Tax Titles, §§ 423, 424.

The statutes providing for redemption from tax sales are to receive a liberal construction. *Burton* v. *Hintrager*, 18 Iowa, 348. The terms "owner" and "parties in interest" have in these laws a broad and comprehensive meaning.

3. —— construction of redemption statutes.

Any right which in law or equity amounts to ownership in the land; any right of entry upon it, to its possession, or the enjoyment of any part of it, which can be deemed an estate, makes the person an owner, so far as it is necessary to give him the right to redeem. *Adams* v. *Beal*, 19 Iowa, 61. In this case it was held, that the wife, during the life-time of the husband, had such an interest in the homestead as entitled her to redeem. If this be so, then her dower interest, after his death, no longer inchoate but vested, would much more clearly give the right. And in the case first cited it was held, that the heir of a *mortgagee* might redeem the property thus sold. So, too, it was decided in *Byington* v. *Ryder* (9 Iowa, 566), that the lessee of lands might redeem, though his interest was acquired after the tax sale, and though he

redeems without the knowledge of the owner of the fee. And when it is suggested that the widow, until the dower is assigned, is not confined to any particular part of the estate; that she can only completely and certainly protect this interest by redeeming the whole property; that the purchaser at the sale is entitled to demand his whole bid with the penalty and interest, and cannot be required to take it in parts, the conclusion is irresistible that the widow or her grantee is not to be confined to the redemption of the dower interest alone. So that if the case stand alone upon the plaintiff's right through the Hickman conveyance, we are clear that this case was decided right. If we add his chain of title through the Fagan-Hoxie deed, the case is stripped of all difficulty. And see Blackwell, 432; *Shearer* v. *Woodburn*, 10 Penn. 511; S. C., 11 id. 341; *Byington* v. *Bookwalter*, 7 Iowa, 512; *Masters* v. *Beasley*, 3 Ohio, 301; *Dubois* v. *Hepburn*, 10 Pet. 1.

It then only remains to inquire if plaintiff did in fact redeem. And for various reasons we must overrule the objections urged in this court by appellant to the validity of such redemption.

4. —— imperfect description in certificate: evidence.

That plaintiff paid his money to the proper officer, and obtained a certificate which was supposed to be sufficient to show the redemption, there is no doubt. When this certificate was introduced, defendant objected to it because it was "incompetent and immaterial." This objection, it will be seen, was very general, indeed could hardly be more so. But it is said that, though properly admitted, it proved nothing, as it failed to sufficiently identify or describe the property. Defendant's certificate describes the lots as in Hoxie's Add. (referring to "Hoxie's addition to Des Moines"). The redemption certificate describes the same lots by numbers, but omits the name of any "town" or "addition." It refers, however, with perfect

Rice v. Nelson.

accuracy to the sale for taxes to defendant, its date, the amount thereof, the years for which the lots were sold, and that the purchaser had since paid so much taxes thereon. In addition to this, defendant in his answer says, that plaintiff "attempted to redeem said lots from said tax sale." Then, too, the treasurer was, on defendant's motion, made a party, and he answers, that all interest sold by him to the defendant "was duly and legally and fully, on, etc., redeemed by plaintiff;" which was properly entered on his books, etc.

The case was in equity, and in this state of the pleadings, and in view of the questions now urged, we have no hesitation in saying that plaintiff did redeem, and that defendant has no shadow of right under his tax certificate.

Affirmed.

DILLON, Ch. J. — After the foregoing opinion was announced, the appellant filed a petition for rehearing, referring to the points and authorities in his former brief, and based upon the alleged fact that the appellees' only claim was an *unassigned* right of dower, and that such right is barred by the statute of limitations.

The question as to the statute of limitations is not noticed in the former opinion, and since it is insisted on by the appellant, it is proper to consider it.

That an unassigned right of dower is an interest in or pertaining to real estate; that it is an interest which, in equity at least, may be transferred; and that the right of the assignee of the widow will be respected and protected by the courts, are propositions of law well settled by the authorities and by the decision of this court in the recent case of *Huston* v. *Seeley, infra.* See also *McKee* v. *Reynolds,* 26 Iowa, 578.

Vol. XXVII. — 20

The right to redeem an estate from a lien or charge is based upon an interest in the redemptioner which will be prejudiced or affected if the right to redeem be denied. *McHenry* v. *Cooper et al., ante,* 137; *Huston* v. *Seeley supra;* and see also the many authorities to same point collected by Mr. Scribner, 1 Dower, 459–475 *et seq.*

Therefore, wherever the right to dower will be cut off by a valid tax sale if such sale be not redeemed, this right to dower, though the dower has not been assigned or admeasured. will give the doweress, or her assignee, the right to redeem from the tax incumbrance or sale. *Same authorities.*

This being so, we next notice the position of the appellant that this right to redeem was barred by the statute of limitations. The only fact shown by the bill of exceptions bearing upon this point is, 5. Dower: action to recover. that Hickman (the husband) died in September, 1850. Rice, the assignee of Mrs. Hickman's dower interest, made the redemption from the tax sale in July, 1864, more than ten years after Mrs. Hickman's right to dower had become consummate by the death of her husband.

Who has since been in the actual possession of the property, if any one, is not shown in the record. Nor does it appear that there has been any holding or possession of the property adverse to, or in denial of, the dower right.

Therefore, unless the *mere* lapse of ten years, without a proceeding or action to have the dower assigned, will bar the right to dower, the point urged by the appellant is not well founded.

At common law the legal remedy of the widow to enforce an assignment of her dower is by a writ of dower *unde nihil habet,* or by *a writ of right of dower,* against the tenant of the freehold. If the widow succeeded, dower was assigned by the sheriff on the land. After

that, she might recover possession, if necessary, by an action of ejectment. But she could not maintain ejectment before her dower was assigned. Courts of equity also exercise in that country, as they generally do in this, a concurrent jurisdiction with courts of law in assigning dower. That in this State the jurisdiction is concurrent has more than once been decided by this court. *Phares* v. *Walters*, 6 Iowa, 106; *Starry* v. *Starry*, 21 id. 254.

But the common-law remedy of *writs of dower* has never been resorted to in this State. By the early act of December 29, 1838 (Laws 1838, p. 419), it was provided that "the proper remedy for recovering *any* interest in lands" is an "action of right," * * based upon "a valid subsisting interest in the property claimed, and the right to recover the immediate possession thereof." Id. §§ 1, 2. Section 20 of this act declared that "the action of right is intended to supersede the action of ejectment, the writ of right, *and the writ of dower*." Sections 48 and 56 provide in express terms that the widow may establish her right to dower by means of an action of right. "Twenty years' quiet possession, under a claim of title adverse to that of the plaintiff, shall be a bar to the action of right, except as hereinafter provided." Id. § 46. "This act," says this court in *O'Farrell* v. *Simplot*, 4 Iowa, 381, 403, "continued to be the law until the adoption of the Code;" and the law of the Code in this respect yet remains.

In the place of the action of right we have "an action for the recovery of real property." Code, chap. 116; Rev. chap. 144. This action, like the action of right which it superseded, may be brought by "any person having a valid, subsisting interest in real property, and the right to the immediate possession thereof." Rev. § 3569; Code 1851, § 2000).

The last section of this chapter (Rev. § 3605; Code, § 2027), which it is important to notice, is as follows:

"*In an action for the recovery of dower, before admeasurement    *    * the plaintiff must show, in addition to his evidence of right, that the defendant either denied the plaintiff's right, or did some act amounting to such denial.*"

So that the right to recover dower before assignment, by means of an action under chapter 144 of the Revision (116 of Code of 1851), is expressly recognized by that chapter.    On this point see *O'Farrell* v. *Simplot,* 4 Iowa, 403, where the same view is expressed.

There has been much discussion in the courts of the various States in relation to the question whether actions for the recovery of dower were within their general statutes of limitations.    The leading adjudications and the peculiarities of the statutes on which they turn are collected in the twentieth chapter of Mr. Scribner's recent work on dower.

6. —— statute of limitations.

It is not deemed essential to refer to them at length, as the difference of opinion in reference to the applicability of the general limitation statutes grows very largely, though not entirely, out of the different language used in the respective statutes.

Under our statute the question is not difficult of determination.

Prior to the Code, dower might, as we have seen, be recovered in an "action of right," and twenty years, with certain exceptions as to minors, insane persons, etc., barred all actions of right, including of course an action for dower.

The action of right was superseded by the chapter in the Code, reprinted in the Revision, entitled "*Actions for the recovery of real property.*"

The language of the statute of limitations of the Code

(chap. 99 of Code; Rev. chap. 116) is, that "the following actions may be brought within the times herein limited after their causes accrue, and not afterward: * * *

"4. Those brought for the *recovery of real property*, within ten years."

Now it is plain, in view of the legislation before referred to, and particularly in view of the explanatory section of the statute defining "real property" (Code, § 26; Rev. § 29), that an action to recover dower is an action for the recovery of real property, and is included in the general statutes of limitation. Such is and such has always been the statute law of this State. And such was the view taken by this court in *Phares* v. *Walters* (6 Iowa, 106), which, though subsequently overruled on one point (7 Iowa, 92), has never been disturbed as to the proposition under consideration. *Starry* v. *Starry* (21 Iowa, 254) is consistent with and indeed recognizes *Phares* v. *Walters*, and simply decides that, where the widow entitled to dower had always *remained in the peaceable possession* of the land in which she sought dower, her failure to bring her action for her dower within ten years from the death of her husband did not bar it.

Having in view the provisions of the statute before quoted (Rev. § 3605; Code, 2027), the court remarked: "If the appellants had been in the adverse possession of the property more than ten years, denying the right of the plaintiff to dower, then the statute of limitations, as was held in *Phares* v. *Walters*, would apply" (21 Iowa, 256). The opinion in that case, though brief, was the result of a careful consideration of the subject.

The result so far, then is, that it is our opinion that an action to recover dower, that is, to have it assigned or admeasured, is within the general statute of limitations, and must be brought within ten years from the time

when the cause of action accrued. But here it is essential to note a distinction made by the statute, between a *right of dower*, and the *right to maintain an action for dower*. The right to dower is perfect in the widow at the death of her husband. The right of the widow however to maintain an action for dower is not perfect until, using the language of the statute, " the defendant has either denied the plaintiff's right, or done some act amounting to such denial." Rev. § 3605, *supra*.

In some of the States statutes have been enacted making a demand of dower an essential prerequisite to the right to proceed by action for its recovery. See the statutes and adjudications on this point, 2 Scrib. Dow. ch. 6, p. 100 *et seq*. In another place this author adds : " Where enactments of this character are in force, the statute (of limitations) begins to run from the time when her right accrues to a writ of dower, after demand, and not from the time when she became entitled to her dower upon the death of her husband." *Robie* v. *Flanders*, 33 N. H. 524.

The question when the widow's cause of action accrues, or, in other words, the question when the statute of limitations commences to run, must be decided by an attentive and special regard to our own statute. If the widow's right of action,— and it is the action which is limited by the statute — is perfect upon the death of her husband, that is, if she were entitled to recover without being obliged to show any thing but the marriage, seisin and death — there would be ground for claiming, at least where she was not in possession, that her action should be brought within ten years from the death of her husband.

A cause of action accrues or arises when a party has a matured right to enforce it in the proper court and by the appropriate remedy. Under our statute the doweress has no matured right of action until the heir or tenant in

possession has actually or virtually, by word or act, denied her right. Rev. § 3605. The statute is express that the widow *must show this denial of her right.*

This is a very wise provision of the statute. In many cases the children are young, in others the mother without waiving her right does not see fit to apply for her dower. In other instances the heirs are in possession by her consent. In others she is in possession by their consent, as in *Starry* v. *Starry, supra.* Neither the widow or the heir should acquire rights by virtue of such possession until it becomes hostile in its character as respects the other. It is on this principle that our statute (Rev. § 3605) is founded. The statute of limitations begins to run in favor of the heir or tenant in possession as against the doweress or her assignee when and only when the former " either denies " the right of the latter, or " does some act amounting to such denial." From that period the widow is put upon her guard, and she must bring her action within ten years thereafter or she will be barred.

If ten years without more will bar, then *Starry* v. *Starry* was decided wrong, and the widow, although she had all the time been in possession, and although her right to dower had never been denied, would be barred of her action to recover it.

It often happens that property in which a widow is dowable consists of *unimproved* lots or *wild lands* in the actual possession of no person. It was never contemplated in such cases that her mere failure to bring her action within ten years from her husband's death, and when no one was denying her right to dower, should bar it.

We recapitulate the conclusions to which we have thus been led.

1. That in addition to the special proceedings in the County Court (Rev. §§ 2426, 2477, *et seq.; Starry* v. *Starry,*

*supra*), and to a petition in equity, a widow may recover her dower by an action under chapter 144 of the Revision. . 2. That to such an action the general statutes of limitation apply.

3. That the statute begins to run as against the doweress or her assignee and in favor of the heir or his assignee when and only when he either denies the right of dower or does some act equivalent to such denial.

The court re-affirm the former opinion delivered by Mr. Justice WRIGHT, overrule the petition for rehearing, and affirm the judgment below.

Petition for rehearing overruled and judgment below

Affirmed.