## SWOPE v. PRIOR ET AL.

1. **Tax Sale:** REDEMPTION: DEED: WHEN EXECUTED. A party has ninety days after the filing of an affidavit of the service of notice, required by section 894, Code, within which to redeem lands from tax sale; and a tax deed, executed prior to the expiration of such period after the affidavit is filed, is invalid.

*Appeal from Guthrie District Court.*

TUESDAY, JUNE 6.

THIS is an action to set aside a tax deed on the ground of insufficient notice of the expiration of the period for redemption. The court set aside the deed and allowed the plaintiff ninety days in which to redeem from tax sale. The defendant Lora C. Prior appeals.

*Lyman Porter,* for appellant.

*James H. Rea* and *W. T. Dillon,* for appellee.

DAY, J.—The parties submitted the cause to the court upon an agreed statement of facts, as follows:

"1. At the tax sale in and for Guthrie county, Iowa, for the year 1875, block J in Gingrich's addition to the town of Guthrie Center, was sold by the treasurer of said county to Joshua Prior, for the taxes of the previous year.

"2. That on or about the sixth day of February, 1878, the said Joshua Prior assigned the treasurer's certificate of purchase at said tax sale to James Greenlee.

"3. That on or about the fifth day of August, 1878, the said James Greenlee caused to be served on the plaintiff the notice required in section 894 of the Code of 1873.

"4. That the affidavit of the service of said notice and of the manner of said service was placed on file in the treasurer's office of said county, on the 13th day of November, 1878.

"5. That on the 13th day of November, 1878, the treasurer of said Guthrie county issued and delivered to James Greenlee a treasurer's deed for said block J above described.

"6. That during the whole of the years 1878 and 1879, Robert Bosier was living on block J and in actual possession thereof, and that no service of the notice required in section 894, of the Code of 1873, was ever made on the said Robert Bosier.

"7. That on or about the 15th day of November, 1878, the said James Greenlee conveyed said block J by quitclaim deed to Lora C. Prior.

"8. That John Swope, the plaintiff in this case, was the owner of said block J in 1874 and 1875, and at the time the deed was made, and the person in whose name the same was taxed in 1874, the year's taxes for which said block J was sold as above mentioned.

"9. That said Robert Bosier was at the date of the service of the notice, mentioned in paragraph 3 hereof, the tenant of plaintiff herein, renting said described property from plaintiff by the month.

"10. That affidavit of service of the notice, mentioned in paragraphs 3 and 4, does not purport to be the affidavit of the owner of the certificate of purchase or of his authorized agent or attorney."

Section 894 of the Code provides, that the lawful holder of the certificate of purchase may cause to be served upon the person in possession of the land, and also upon the person in whose name the same is taxed, if he resides in the county where the land is situated, a notice signed by him, his agent or attorney, stating the date of the sale, description of the land, the name of the purchaser, and that the right of redemption will expire and a deed for the land be made, unless redemption from the sale be made within ninety days from the completed service thereof. Service shall be deemed completed when an affidavit of the service of said notice duly signed and verified by the holder of

1. TAX SALE: redemption: deed: when executed.

the certificate of purchase, his agent or attorney, shall have been filed with the treasurer authorized to execute the tax deed. It appears from the agreed statement of facts that the affidavit of the service of the notice was placed on file in the treasurer's office on the 13th day of November, 1878, and the treasurer's deed was executed on the same day. The treasurer had no authority to execute a deed at that time. The plaintiff had ninety days from the filing of the affidavit of the notice required by statute, in which to redeem. The deed issued before the expiration of the period for redemption, and is invalid. Under the prayer for general relief, the court properly set the deed aside, and allowed the plaintiff ninety days to redeem from the tax sale. This view renders it unnecessary to notice the other alleged defects in the notice.

AFFIRMED.