CUMMINGS v. WILSON ET AL.

1. **Tax Sale:** REDEMPTION: TIME OF. Redemption may be made from a tax sale at any time within ninety days after the proof of service of the notice required by section 894 of the Code has been filed in the proper office.

2. ——: ——: WHO MAY REDEEM. In cases wherein the proper county officers are authorized and required to permit redemption, the courts will allow and enforce the right; and it is the rule in this State that the holder of any right in lands, legal or equitable, perfect or inchoate, may redeem from a tax sale.

3. ——: ——: ——: DUTY OF OFFICERS. When one seeks to redeem from a tax sale under an equity or a claim not based upon a recorded title, which the law provides shall support the right of redemption, the county officers must permit the redemption, if they are satisfied that he in good faith relies upon such equity or claim; but such equity or claim must pertain to an interest in the land, and be such that, if enforced, it will vest some title, lien or right to the property itself.

4. ——: ——: ——. In this case, where it appears that the plaintiff was prosecuting his suit to recover the title to the land in controversy, basing his claim upon an equity which, if established, would entitle him to the relief he sought, *held* that he was entitled to redeem from a sale of the land for taxes.

*Appeal from Wapello Circuit Court.*

WEDNESDAY, JUNE 14.

ACTION in chancery to quiet the title of certain lands in plaintiff. After the filing of the petition the defendants conveyed their interest and claim in the land to plaintiff, and Houston filed a petition of intervention showing that he is the holder of a certificate of purchase of the land at tax sale and that he is entitled to a tax deed, which the treasurer refuses to execute. He alleges that the time for redemption has expired and asks that plaintiff be denied the right to redeem from the sale. There was a decree granting the relief prayed for by plaintiff and dismissing the petition of the intervenor, who now appeals to this court.

*W. M. Walker*, for appellant.

*W. H. C. Jaqueson*, for appellee.

Beck, J.—I. The material facts of the case are as follows:

1. August 6th, 1877, the intervenor's assignor purchased the land at tax sale.

2. On the 12th of May, 1880, the intervenor published the notice required by Code, § 894, preliminary to the execution of a tax deed.

3. March 17th, 1881, proof of service of the notice was filed in the proper county office.

When the land was sold for taxes the legal title, which some time before he had held, was not in the plaintiff, but he had an equity therein, based upon the ground that the deed was not to be delivered until the consideration was paid, and its delivery had been procured by fraud.

5. March 2d, 1880, the plaintiff commenced this suit against defendants, the holders of the legal title to the lands, to recover the title and quiet it in himself.

6. July 26th, 1880, he paid the county Auditor the amount required to redeem from the tax sale as shown by that officer's books.

7. March 15th, 1881, the plaintiff filed for record a quitclaim deed from defendants for the land, executed the same month, but the day is not shown.

8. Upon these facts we are required to determine whether plaintiff has lawfully redeemed the land from the tax sale under which the intervenor claims that he is entitled to a tax deed.

II. The court has held that redemption may be made within ninety days after the proof of service of the notice required by Code, § 894, is filed in the proper office. *Swope v. Prior*, 58 Iowa, 412. Plaintiff made the redemption before the filing of the proof of service; it was therefore in time.

1. TAX SALE: redemption: time of.

III. Was the redemption made by plaintiff before the exe-

cution to him of the quitclaim deed by the defendants suf-
ficient? Did he at that time have such an interest
in the land as conferred upon him the right to
redeem from the tax sale?

*2. ——: ——: who may redeem.*

Before the redemption plaintiff had brought this suit set-
ting up his equity in the land and claiming to recover the
title. Subsequently he acquired, by compromise, or other-
wise, the interest claimed by defendants. It cannot, we
think, be doubted that the law will regard him as holding an
equity in the property. It is not important to determine the
nature or extent of his equity, and indeed, we think, that we
need not determine that he held a claim to the land which
equity or the law would enforce. It is sufficient to know
that he, in fact, claimed an equity and was in good faith at-
tempting to enforce it. This position is supported by the
following considerations. It is very plain that in cases where-
in the county officers are authorized and required to permit
redemption, the courts will allow and enforce the right. These
officers are charged with the duty of administering the law
in such cases. It cannot be possible that in a case wherein
they would be required to permit redemption, the courts
would deny the right. If this were so, there would arise a
conflict between these officers and the courts, both appointed
instruments for the administration of the law. But this the
law will not permit. We conclude, therefore, that if the
county auditor and the treasurer were authorized in this case
to permit plaintiff to redeem, this court must enforce the
right.

IV. It is the rule of this State that the holder of any
right in lands, legal or equitable, perfect or inchoate, may re-
deem from a tax sale. *Rice v. Nelson*, 27 Iowa, 148; *By-
ington v. Bookwalter*, 7 Id., 512; *Adams v. Beale et al.*,
19 Id., 61.

V. The right of one claiming to redeem, may depend
upon facts which rest upon parol testimony, or upon the con-
struction of written instruments, and difficult
questions of law may be involved therein. In-

*3. ——: ——: duty of officers.*

deed, this is usually the case where such claims are based upon equities or are not supported by plain and undisputed record titles. How are such claims to redeem to be determined by the county officers? How are they to determine the question of fact and of law involved therein? It is plain that they cannot decide these questions for the reasons that they cannot exercise judicial functions, and the decision of such questions, where they are to be decided, are by the law always remitted to the courts. We conclude that when one seeks to redeem from a tax sale under an equity or a claim not based upon a recorded title, which the law provides shall support the right of redemption, the county officers must permit the redemption if they are satisfied he, in good faith, relied upon such equity or claim. They are not to determine whether the law will enforce his claim, but whether in good faith he makes it. It will, of course, be understood the claim or equity must pertain to an interest in the land which, if enforced, will vest some title, lien or right to the property itself. If this rule be not recognized county auditors must exercise important judicial functions or the right of redemption must be restricted to persons holding the undisputed record title to the land. But this the law will not do.

VI. In the case before us the plaintiff, when he paid the money to redeem the land in controversy, was prosecuting this suit to recover the title, basing his claim upon an equity which, if established, would entitle him to the relief he sought. In our opinion the law regarded him as prosecuting in good faith his equity and authorized him to make the redemption.

This view leaves nothing further to be decided in the case. We need not inquire whether the intervenor is the real owner of the certificate of redemption, a question raised by plaintiff which becomes immaterial in the foregoing view of the case.

It is our opnion that the jugdment of the Circuit Court ought to be                                              AFFIRMED.