## COWDRY v. CUTHBERT ET AL.

1. **Vendor and Vendee:** BOND FOR DEED: TAX TITLE IN VENDEE TO DEFEAT VENDOR. A vendee in possession of land, under a bond for a deed to be executed when the purchase price is paid, and with an agreement to pay all taxes and assessments lawfully imposed on the premises, cannot defeat the rights of his vendor by purchasing a tax title based upon a sale made prior to his purchase of the vendor, but consummated by a deed made subsequent thereto, where notice of the expiration of the time for redemption was served on him as the one in possession of the land. In such case, it was his duty to redeem the land from the tax sale; (see cases cited in opinion;) and whatever was paid to effect such redemption would have amounted to a payment of so much on the purchase money. His purchase of the tax title, under the facts of the case, amounted simply to a redemption which inured to the benefit of his vendor. (*Alexander v. Sully*, 50 Iowa, 192, distinguished.)

*Appeal from Buena Vista District Court.*

TUESDAY, OCTOBER 26, 1886.

ACTION IN EQUITY. Decree for the plaintiff, and the defendants appeal.

*Robinson & Milchrist*, for appellants.

*Sweeley & Slocumb*, for appellee.

SEEVERS, J.—No pleadings were filed, but there is an affidavit showing that this is a real controversy, and the case is submitted upon an agreed statement of facts, the material portions of which are as follows: The plaintiff, in 1872, became the owner of the land in controversy, and on the fifteenth day of March, 1880, she sold the same to the defendant Cuthbert for $440, of which sum $70 was paid, and the plaintiff gave said defendant a bond wherein she agreed to convey the premises to said Cuthbert upon the payment of the balance of the purchase money when the same became due, in December, 1885. Cuthbert also agreed to pay all taxes and assessments lawfully imposed upon said premises.

Under said contract, Cuthbert entered into possession of the premises, and so continued to hold such possession, and exercise exclusive acts of ownership thereon, until after the execution of the tax deed hereafter referred to. In October, 1877, the land in controversy was sold to the defendant Simmons for the delinquent taxes of 1876. In August, 1880, the expiration notice required to be served was served on Cuthbert personally, and, as the land was taxed in the name of A. Oaks, a notice was served on him by publication, and in January, 1881, the county treasurer conveyed the premises to Simmons. Within a week after the execution of the tax deed, Simmons went upon the land, and notified the defendant that he owned the land, and claimed possession under the tax deed, and he several times thereafter went over the land with parties for the purpose of selling it to them. The defendant Cuthbert, prior to the execution of the tax deed, notified the plaintiff by letter to pay the taxes, and that no more payments would be made under the contract until full redemption was made. In March, 1881, Simmons sold and conveyed the premises by general warranty deed, in consideration of $180, to Cuthbert. The plaintiff asks that the tax deed be declared to be void, and that the bond be foreclosed, and she have judgment for the amount due thereon, and that a special execution issue for the sale of the premises, and general relief is asked. Cuthbert asks that the plaintiff's action be dismissed, the tax deed confirmed, and that he recover a judgment for $70, and interest, and he asks general relief.

Under the contract the plaintiff and Cuthbert occupied the position of vendor and vendee. The former held the legal, and the latter the equitable, title. We also incline to think they should be regarded as mortgagor and mortgagee, (Code, § 3329;) the plaintiff being the mortgagee, and Cuthbert the mortgagor. We think it is well settled by the authorities that a mortgagor cannot acquire a tax title to the prejudice of the mortgagee. This rule is based possibly on

the thought that the mortgagor was bound to pay the taxes. In this case, the most that can be said is that Cuthbert obligated himself to pay all taxes lawfully imposed on the premises after he became the purchaser. He was not bound to pay the prior taxes. But, as vendee or owner of the equitable title in possession, he was authorized to redeem from the prior tax sale; and, when the expiration notice was served on him, we think it was his duty to do so. *Rice v. Nelson*, 27 Iowa, 148; *Hunt v. Rowland*, 22 Id., 53; *Stears v. Hollenbeck*, 38 Id., 550; *Fair v. Brown*, 40 Id., 209. Whatever was paid to effect such redemption would amount to a payment of so much of the purchase money due the plaintiff. Such being the duty of Cuthbert, it follows that he cannot be permitted to set up such tax title as against the plaintiff. His purchase of such title, under the agreed statement of facts, amounted simply to a redemption which inured to the benefit of the plaintiff. Counsel for . the defendants cite, and seem to rely greatly on, *Alexander v. Sully*, 50 Iowa, 192; but it is, we think, clearly distinguishable.

The judgment of the district court is

AFFIRMED.