LUTHER McCREARY, Appellee, v. A. W. McGREGOR, Appellant, et al.

**MORTGAGES: Redemption by Equitable Owner.** An equitable owner of real estate by virtue of a contract to pay a sum which includes a pre-existing mortgage, may not acquire full title, and thus absolve himself from obligation to pay the balance of the purchase price, by redeeming from a foreclosure sale of said mortgage, and taking deed thereunder. Such redemption simply works a payment of his debt by the owner.

**ESTOPPEL: Asserting Validity of Foreclosure Deed and Fraud Leading Thereto.** One may not base his claim to title on a foreclosure deed, and in the same breath contend that the entire foreclosure proceedings were a fraud upon him.

**VENDOR AND PURCHASER: Disputing Vendor's Title.** A vendor's title may not be disputed by a vendee who is in possession by virtue of a contract with the vendor.

*Appeal from Linn District Court.*—Milo P. Smith, Judge.

May 17, 1918.

Suit to foreclose a contract for the sale of real estate. Judgment and decree of foreclosure as prayed. Defendant appeals.—*Affirmed.*

*Barnes, Chamberlain & Hanzlik,* for appellant.

*Voris & Haas,* for appellee.

1. Mortgages: redemption by equitable owner.

Stevens, J.—Plaintiff and defendant, on December 27, 1913, entered into a contract in writing, by the terms of which plaintiff agreed to sell and convey certain real estate in the city of Cedar Rapids to the defendant, for an agreed consideration of $1,650, payable in installments of $15 or more, on the first day of each and every month. At the time of the execution of the contract, a mortgage thereon, executed by former owners thereof, was outstanding against the property. The contract between the parties hereto provided that, when appellant reduced the amount due under the contract to the face of the mortgage indebtedness, appellee would execute a warranty deed conveying the premises to him. Appellee agreed to pay the interest on the mortgage indebtedness, but, in case of default in the payment thereof, appellant was given the privilege of paying same, and receiving credit on the contract therefor. Appellant agreed to pay the taxes and keep the buildings insured and the premises in good repair. The holder of the mortgage transferred the same to W. D. McCreary, the father of appellee, and R. D. Elson, who, some time after the execution of the contract, brought suit to foreclose the mortgage. On November 7, 1914, decree of foreclosure was entered therein, and on December 11, the premises were sold at sheriff's sale upon special execution, and on September 7, 1915, appellant redeemed from said sale, paying for that purpose $958.70,

and, at the expiration of one year fron the date of the sale, a sheriff's deed was executed to him.

Some time thereafter, appellant entered into a contract in writing, by the terms of which he agreed to convey the same to the appellee William Dew. Appellant continued to make the monthly payments until he obtained the sheriff's deed, whereupon he ceased making further payments. Plaintiff then brought this suit to foreclose the contract, alleging a balance due thereon of $595.50, after crediting all installments and the amount paid by appellant to redeem from the sheriff's sale.

Defendant, by way of answer to plaintiff's petition, admitted the execution of the contract, the payment of the several installments and the sum paid for redemption from sheriff's sale, and averred that he redeemed therefrom as a junior lien holder; that plaintiff failed and neglected to redeem within twelve months, and that the sheriff's deed vested full title in him; that plaintiff fraudulently conspired and confederated with W. D. McCreary and R. D. Elson to obtain an assignment of the mortgage upon said premises, for the purpose of foreclosing same and depriving appellant of his interest therein; and that plaintiff fraudulently neglected to pay the interest upon the mortgage indebtedness, thereby causing the same to become immediately due; and further, that plaintiff thereby became unable to comply with his contract and convey to appellant a good title to said premises; and that, by reason of all said matters, he is relieved from further liability under said contract.

Plaintiff filed an equitable demurrer to defendant's answer, which was sustained. Defendants refusing to plead further, judgment was entered against A. W. McGregor, appellant, for $607.80, the balance due on said contract, with interest, after allowing credit for all installments paid and the amount paid for redemption.

Appellant does not claim that he has paid the full

amount of the purchase price agreed upon, or that the judgment entered herein is not, in fact, the correct amount due, on plaintiff's theory of the case; but his contention is that, by allowing the premises to be sold under special execution at sheriff's sale, plaintiff has placed it beyond his power to comply with his contract, and convey a good title thereto; that appellant had a lien upon the premises for the amount of the several monthly installments paid by him, which entitled him to redeem, under the statute, as a lien holder, within nine months after the sale; that he did redeem, as such lien holder, and, after the expiration of the twelve months allowed to plaintiff for redemption, received a sheriff's deed to said premises, and claims title thereunder.

On the other hand, counsel for appellee argue that appellant entered into possession of the premises under his contract with appellee; that he retained possession thereof, making monthly payments in accordance therewith, until he received the sheriff's deed; that he was the equitable, or real, owner of the property, the legal title thereto being reserved in appellee as security for the payment of the balance of the purchase price; that the relation between them was, in effect, that of mortgagor and mortgagee, and that appellant could not redeem from the sheriff's sale as a lien holder, but only as owner, and that redemption by him was equivalent to, and in effect, payment; that, while in possession of the premises under the contract, he could not dispute the title of his vendor; that the payment of the judgment operated, to the amount thereof, as a payment upon the purchase price, for which appellant was entitled to, and was by the court allowed, full credit.

Considerable emphasis is placed by counsel for appellant upon the allegations of his answer charging appellee with fraudulently conspiring with his father to obtain control,

and foreclosure of the mortgage for the purpose of depriving him of the monthly payments made under his contract of purchase.

2. ESTOPPEL: asserting validity of foreclosure deed and fraud leading thereto.

It is not quite clear how appellant can be aided by this plea. By the terms of the mortgage, the entire indebtedness became due upon default in the payment of the interest, and the holder thereof might foreclose the same. It may be that appellee acted in bad faith in failing to pay the interest, and in the other respects charged in defendant's answer; but this could in no way operate either as an estoppel, preventing him from insisting upon the performance of his contract, or to render the foreclosure proceedings, which are based upon a failure to pay the interest when due, as provided by the mortgage, illegal.

Appellant is now claiming title to the premises under a sheriff's deed executed to him as the holder of the certificate issued to the purchaser at the sheriff's sale. The validity of the foreclosure proceeding is not, therefore, questioned by counsel for appellant. He cannot occupy the position of claiming title under the foreclosure and, at the same time, avail himself of a plea of fraud upon the part of appellee in procuring the proceedings to be instituted. The purpose of appellant in redeeming from the foreclosure sale was, doubtless, to protect his interest in the premises as purchaser, and not merely to preserve whatever lien he may have had as vendee for the part of the purchase price paid. By redeeming, he became entitled to credit upon his contract of purchase for the full amount paid for that purpose. He may have been subjected to much inconvenience and hardship by the foreclosure proceedings, and deprived of the privilege of paying for his property in easy monthly payments; but we know of no legal or equitable principle upon which to base a holding that the foreclosure proceedings and the payment of the judgment entered therein would operate to discharge the further liability of appellant under his contract to pur-

chase, unless he, in fact, obtained title to the premises by virtue of the sheriff's deed, thus extinguishing appellee's lien.

It is well settled in this state that the purchaser under a contract to convey upon payment of the purchase price becomes at once the holder of the equitable title to the property, while the seller retains the legal title as security only for the payment of the purchase price, and that their relation is substantially that of mortgagor and mortgagee. *Cowdry v. Cuthbert,* 71 Iowa 733; *Iowa Railroad Land Co. v. Boyle,* 154 Iowa 249; *Allen v. Adams,* 162 Iowa 300; *Bowls v. Oklahoma City,* 24 Okla. 579 (104 Pac. 903); *Ridgeway v. Broadway,* 91 S. C. 544 (75 S. E. 132).

Under such circumstances, the purchaser has the right to redeem the premises from execution sale, or to pay the encumbrance on the property, and, by doing so, will be entitled to credit therefor on his contract. *Adams v. Beale,* 19 Iowa 61; *Dickerman v. Lust,* 66 Iowa 444; *Cowdry v. Cuthbert,* supra; *Swan v. Harvey,* 117 Iowa 58; *Herdlicka v. Evans,* 165 Iowa 207. It is elementary that redemption by the owner is equivalent only to payment of the execution indebtedness, and a sheriff's deed, if executed, would convey no interest whatever to such owner. He has no occasion for a sheriff's deed.

By the terms of his contract of purchase, appellant, by making payments thereunder until all in excess of the mortgage indebtedness was paid, would have been entitled to a deed, upon the execution of which he would have assumed the payment of the mortgage. It formed a part of the purchase price for the property. Appellant was in possession of the property under his contract to purchase, and the real owner thereof. The only interest of appellee therein was as the holder of the legal title as security for the payment of the balance due him on the purchase

3. Vendor and purchaser: disputing vendor's title.

price. Appellant's legal status was not affected by his attempt to redeem as a lien holder from the foreclosure sale, or by obtaining a sheriff's deed to the property. He was the equitable owner of the premises. His relation to his vendor was, in equity, the same as that of a mortgagor. He held the real title to the land, and what he did protected his title thereto. Redemption by him was the exact legal equivalent of payment of the judgment. He was still under obligation to pay the full purchase price under his contract. He exercised the option of discharging the mortgage, and thereby reducing his indebtedness to appellee to the extent thereof. It is true that a vendee may, under certain circumstances, assert a lien for the payments made, upon real estate purchased by him; but, in this case, appellant entered into, and continued in, possession of the premises under his contract of purchase, and made payments thereon in accordance therewith for a year after the sheriff's sale, and until he obtained sheriff's deed thereto. So long as he continued in the possession of the premises under his contract, he could not dispute his vendor's title thereto.

"It is the general rule that a vendee in undisputed possession of the purchased real estate cannot refuse payment of the purchase price for alleged lack of title in the vendor unless he rescind the contract and restore possession." *Allen v. Adams*, supra.

Appellant elected to retain possession of the premises which he obtained under his contract and to redeem from the foreclosure sale, and thereby extinguish the lien created thereby. In doing so, he protected his equitable title to said premises, and became entitled to full credit for the amount paid therefor upon his contract of purchase; but he could not, by this method, obtain the legal title to the property, and thereby extinguish the lien of his vendor. His attempted redemption as a lien holder conferred no greater right upon him under the sheriff's sale than would have the

payment of the mortgage indebtedness before judgment. We reach the conclusion, therefore, that, on account of appellant's failure to pay the installments under his contract, plaintiff had the right to treat the whole indebtedness as due, and to commence proceedings to foreclose the contract, as provided by Sections 4297 and 4298 of the Code, 1897; that, because of his refusing to plead over, after the demurrer to his answer had been sustained, judgment was rightly entered against him by the court, and the same must be, and is,—*Affirmed.*

PRESTON, C. J., WEAVER and GAYNOR, JJ., concur.