WILLIAM HALL *vs.* LIBERTY R. WOOD.

A count for work and labor, with a bill of particulars, some items of which bear date more than six years before the commencement of the action, may be maintained for the full amount, notwithstanding the statute of limitations, if the whole work was done under an entire contract.

ACTION OF CONTRACT for work and labor. Writ dated April 30th 1855. The plaintiff's bill of particulars contained two items for sawing lumber from January 1st to March 1st 1849, three items for sawing lumber from April 1st to May 10th 1849, and one item for five years' interest on the amount of the five previous items.

At the trial in the court of common pleas the defendant relied on the statute of limitations to bar a recovery of any of the items bearing date of more than six years before the date of the writ. The plaintiff produced evidence tending to show that all the lumber was sawed under one entire contract.

*Aiken,* J. instructed the jury that all such portions of the plaintiff's account as appeared to have been done more than six years before the commencement of the action would be barred

by the statute, unless the contract was entire and the parties understood that no part was to be paid for till the whole was done; and that if the contract was entire, and the work was not done till the 10th of May 1849, the plaintiff might recover for the whole, notwithstanding the form of the bill of particulars before the date of the writ. The jury found for the plaintiff, and the defendant alleged exceptions.

*E. B. Stoddard*, for the defendant.

*W. F. Slocum*, for the plaintiff.

DEWEY, J. The contract upon which the plaintiff sought to recover being found by the jury to be an entire contract for sawing all the lumber stated in the plaintiff's bill of particulars, and to be paid for as one piece of work, the statute of limitations would not apply to the first two items in the bill of particulars.

It is however insisted on the part of the defendant that the plaintiff by his form of declaration is estopped from saying that the whole services were performed under an entire contract.

This objection would seem to assume that services performed under an entire contract cannot be recovered in an action on the common money counts. But this is not so; for, however special or entire the contract for labor and services, after the services have been fully performed, and nothing remains but to pay the money due therefor, the common counts are sufficient. *Morse* v. *Potter*, 4 Gray, 292. In any aspect of the case the form of the declaration was a proper one, and it being upon the common counts, the bill of particulars was properly filed, and its detailed statements did not estop the plaintiff from showing that all the items of services were performed under one contract.

*Exceptions overruled.*