SHORICK, Guardian, v. BRUCE.

1. **Statute of limitations:** DEMURRER. When a pleading shows affirmatively that its cause of action is barred by the statute of limitations it may be assailed by demurrer.

2. —— CONTINUOUS ACCOUNT. A demand for work and labor performed at two different periods of time, under different contracts, does not constitute a continuous open current account.

3. —— INSANE PERSONS. The statute of limitations makes no exceptions in favor of insane persons.

4. —— CONTRACT FOR LABOR. When labor is performed under one entire contract running through several months, the statute of limitations commences to run from the completion of the work.

*Appeal from Cerro Gordo District Court.*

FRIDAY, OCTOBER 19.

PLAINTIFF, as guardian for William T. Wilson, sues for the work and labor of his ward, and his petition contains the following averments:

" That on and between the first day of February, 1858, and the first day of December, 1859, said Wilson did nine months' labor for defendant, at, &c., for which work and labor defendant verbally contracted with said Wilson, on or about said first of February, 1858, he would pay him the sum of ten dollars per month ; that on and between the first day of January, 1860, and the first day of July, 1860, said Wilson did six months' labor for, &c., at the verbal price between said parties, of twelve dollars per month." Then follows averments that his said ward performed like work upon like contract in March, April, May, October and November, 1864, and that he is now, and was at the time of performing said work and labor, a person of unsound mind, incapable of managing his own business, &c. This action was commenced June 7, 1865.

Defendant demurred to the parts of the petition above set forth, for the reason that they showed affirmatively that the causes of action therein stated were barred by the statute of limitations. This demurrer was sustained and plaintiff appeals.

*J. W. Card* for the appellant.

*Starr & Patterson* for the appellee.

WRIGHT, J.—Our statute provides that when a pleading shows *affirmatively* that its cause of action is 1. STATUTE OF LIMITATIONS: demurrer. barred by the statute of limitations, it may be assailed by demurrer. § 2961.

Defendant having availed himself of this statute, our opinion is that the demurrer was well taken as to so much of the petition as relates to the work and labor performed in 1858 and 1859, and that it should have been overruled as to that performed in 1860. The action should have been brought within five years after the cause of action accrued.

As this action was commenced in 1865, it is very clear, if there were no other work and labor, that the first charge or item would be barred. Plaintiff, however, seeks to avoid the bar by claiming: First, that he shows a continuous open current account, and that therefore the statute would not begin to run until the date of his last item of November, 1864. And in the second place, he insists that as his ward was of unsound mind and incapable of bringing his action, the statute would not begin to run until in October, 1864, when plaintiff was appointed guardian. Neither of these positions are well taken.

The petition shows very clearly that this work was performed under several and distinct contracts; and it is 2. — con- a most radical error to treat this as a case of tinuous ac- count. " continuous, open, current account." The cause of action accrued was full and complete as to the first charge or item on the 1st of December, 1859. There is no pretense or averment that the subsequent labor was performed in pursuance of or under the first contract. It is as though defendant owed a debt payable at several times or by installments. There the time would begin to run, as to each installment, from the day of the expiration of the respective times of payment. Ang. on Lim., § 110. And the like rule applies here.

The thought that the statute would not run because Wilson, the ward, was a person of unsound mind, or 3. — in- incapacitated to sue, finds no support, either in sane per- sons. the statute or in the rules of the common law. See this subject discussed in *Campbell* v. *Long*, 20 Iowa, 382. The statute makes no exception in favor of lunatics or those of unsound mind. Not laboring under any of the disabilities mentioned, they are not exempt from the operation of the statute. Ang. on Lim., §§ 474, 194–5.

II. What has been said in effect disposes of the demurrer to the second part of the petition. The work, as there

4. —— contract for labor. charged, was performed between the first days of January and July, 1860; the action was commenced June 7, 1865. . Defendant claims that all of this claim was barred which shows work performed prior to June 7, 1860. Our view of it is that the contract was entire; that the ward worked six months at the agreed price of twelve dollars per month; that the labor was continuous and the contract continuing. Not only so, but before a pleading can be assailed by demurrer for this cause, it must show *affirmatively* that the cause of action is barred. It is not a fair construction of the language employed by the pleader that the ward worked under a contract made from month to month, but rather that he was employed by and performed services for defendant for six months for so much per month.

The demurrer was sustained as to both items. This was erroneous as to so much of the petition as counted upon the labor in 1860 and correct as to that performed in 1858–9.

Reversed.