## HAYWOOD v. WOODS.

1. **Referee: FINDINGS UPON AN ACCOUNT: CONTRACT: PRACTICE.** The report of a referee in an action upon an account, finding that several items thereof were furnished under a contract between the parties, is not objectionable on the ground that it finds upon an issue not submitted to the referee, since it is competent to recover upon an account though the items thereof were furnished under a contract.

2. —— Nor would the report be objectionable because it failed to give the precise terms of such contract, or to find as to each item embraced in a long account.

3. —— The report of a referee stands like the verdict of a jury, and will not be reviewed unless all the evidence is contained in the record.

*Appeal from Jackson Circuit Court.*

THURSDAY, APRIL 28.

ACTION upon an account. Defense in denial; defendant also sets up a counterclaim. Trial before a referee, whose report was in favor of plaintiff. Defendant filed exceptions to the report, which were overruled, and judgment was rendered thereon. The defendant appeals.

*Charles Rich* for the appellant.

*Frank Amos* for the appellee.

COLE, Ch. J. — The action was brought upon an account extending over a period of more than twenty years; and the counterclaim made by defendant was for items claimed to have been furnished plaintiff during the same period. The evidence taken before the referee, and upon which his report was based, is not contained in the record. The only questions made arise upon exceptions to the report of the referee.

The report of the referee finds, that the several items of the account sued on were furnished under a contract

between the parties. It is now objected to the report, that it finds upon an issue not submitted to the referee; that the issue was upon an account and not on contract. This is not well founded, because it is entirely competent to recover upon an account, although the items thereof were furnished under and according to a contract; nor does it avail, as an objection to the report, that it does not find the precise terms of the contract.

The referee finds that all the items of account on both sides were squared up to March 8, 1863. The defendant excepts to the report, because it does not allow him credit for certain items of credit embraced in plaintiff's account, and on the ground that the report is against the admissions of the pleadings. The objection is not founded on fact, since the credit was before the date at which the referee balances the accounts.

Another ground of exception is, that the finding is indefinite as to certain claims by the defendant for wood had by plaintiff. It is true, the report states that the evidence thereon was very indefinite and unsatisfactory, but it finds that defendant is entitled to ninety dollars therefor. This is sufficient.

The objection that the referee did not find and pass upon all the items of the accounts is not shown to have any foundation, for the reason that the omitted items may have been embraced in the period included in the balance struck by the referee; or, if not, the answer is, that it is not necessary to find as to each and every item of a long account. And the final objection, that the plaintiff is allowed upon an implied assumpsit for services rendered the defendant's intestate, while a member of the same family with the plaintiff, has no support in the record, for the reason that the evidence is not contained in the transcript, and for aught we can know the proof may have shown an express promise by decedent to pay

for the services. See, on this point, *Scully* v. *Scully's Executor, ante,* 548. The report of a referee stands like the verdict of a jury, and cannot be set aside as against the evidence, unless all the evidence is contained in the record.

Affirmed.