## WENDELING v. BESSER.

1. **Evidence: WHERE ADVERSE PARTY IS EXECUTOR: HUSBAND AND WIFE.** Section 3982 of the Revision, which prohibits a party from testifying where the adverse party is the executor of a deceased person, does not disqualify the wife of the claimant, and she is competent to give evidence sustaining his claim against the estate. *Shafer* v. *Dean*, 29 Iowa, 144.

2. **Statute of limitations: RUNNING ACCOUNT.** Where one person boards or provides for another continuously, this will constitute a continuous, open current account within the meaning of the statute of limitations (Rev., § 2743), providing that where there is a continuous, open current account the cause of action shall be deemed to have accrued from the date of the last item.

*Appeal from Keokuk Circuit Court.*

THURSDAY, APRIL 6.

THE plaintiff filed in the Keokuk circuit court his petition, claiming of Anna M. Besser, as administratrix of the estate of John Shiltz, deceased, compensation for boarding, lodging, and in other respects providing for Frank Shiltz, son of the said John Shiltz, for a period from the 1st day of March, 1858, to the 1st day of March, 1869, under a parol contract between the said John Shiltz and Andreas Wendeling, whereby John Shiltz agreed to pay Andreas Wendeling all reasonable charges for trouble taken and expenses incurred in caring for his son. Answer in denial, and that plaintiff's claim is barred by the statute of limitations. Trial by jury. Verdict and judgment for plaintiff for $50. Plaintiff appeals. The necessary facts appear in the opinion.

*Bonorden & Hughes* for the appellant.

No appearance for the appellee.

DAY, Ch. J. — I. To sustain the issues on his part the plaintiff offered to read in evidence the deposition of his wife, Magdalene Wendeling. The defendant objected to this deposition on the ground that the wife of the plaintiff was incompetent to testify against the executor of a deceased person, under the provisions of section 3982 of the Revision of 1860. The sustaining of this objection is the first error assigned. Section 3980 of the Revision provides that, " on the trial of any issue joined    *    *    *    no person shall be disqualified by reason of his interest in the same; or, in the event of the same, whether such interest be as a party thereto or as otherwise." Section 3982 engrafts an exception upon the operation of section 3980. It provides, that " no person shall be allowed to testify under the provisions of section 3980 where the adverse party is the executor of a deceased person, when the facts to be proved transpired before the death of such deceased person." It follows that, if the competency of the wife, as a witness for the husband, depends upon the provisions of section 3980, she is, by section 3982, rendered incompetent, when the adverse party is the executor of a deceased person. It was held, however, in the case of *Russ* v. *Steamboat War Eagle*, 14 Iowa, 364, that the prohibition of the wife, as a witness for the husband, is not founded on her interest, but upon the interruption which the allowance of such a practice might produce in the domestic harmony of the parties, on grounds of policy appertaining to the domestic relation. If, therefore, the ground of the wife's exclusion was not that of her interest, her competency does not depend upon the provisions of section 3980, and consequently she is not, in the case at bar, rendered incompetent by section 3982. It follows, from the views above expressed, that the court erred in excluding the deposition offered. ·

II. The court instructed the jury as follows, to wit: " Under our statutes, a cause of action founded on an un-

*Note in margin:* 1. EVIDENCE: where adverse party is executor: husband and wife.

**2. STATUTE OF LIMITATIONS: running account.** written contract must be commenced within five years after the cause of action accrued; but, when there is a continuous, open, current account, the cause of action shall be deemed to have accrued on the date of the last· item therein, as proved on the trial, and I am of the opinion that the claim sued on is not such a continuous, open, current account as to bring it within the application of this statute." In the giving of this instruction lies the remaining alleged error. We incline to the opinion that the instruction is erroneous. If the keeping and providing for, by plaintiff, of the person named was continuous and uninterrupted, it would, in our judgment, constitute such open, current account as would be within the provisions of the statute. The judgment of the circuit court is reversed, and the cause remanded.

Reversed.