## TUBBS v. THE CITY OF MAQUOKETA.

1. **Corporation municipal: BRIDGES.** A city is liable for lumber furnished to repair a bridge situated on a county road, but within the corporate limits of the city.

2. **Statute of limitations: RUNNING ACCOUNT.** Our statute of limitations, respecting open, continuous accounts, does not begin to run only from the date of the last item thereof.

*Appeal from Jackson Circuit Court.*

FRIDAY, DECEMBER 8.

ACTION in ordinary upon an account, brought on the 29th day of September, 1869, for sawing lumber, etc., done for and furnished to the defendant, for the repair and maintenance of a certain bridge over the south fork of the Maquoketa river, within the corporate limits of said city, defendant. Answer in denial, and plead the statute of limitations. Trial to the court, with finding of facts, and judgment for plaintiff for $66.67 and costs. The plaintiff first appeals; the defendant also appeals.

*C. M. Dunbar* for the plaintiff and appellant.

*Frank Amos* for the defendant.

Tubbs v. The City of Maquoketa.

COLE, J. — I. The defendant appeals, claiming that there was error in holding the city liable for any thing done or furnished for the bridge, which it is conceded was a large one, and was situated on and was a part of the county road and had long been so, but was, during the time covered by the account, embraced within the corporate limits of the defendant. Under these facts, we have no hesitation in holding that the defendant is liable for any work done on, or for materials furnished for, the bridge under its express or implied authority. See *Bell* v. *Fouch et al.*, 21 Iowa, 119; *Barrett* v. *Brooks et al.*, id. 144. This disposes of the defendant's appeal. Sed vide, also, §§ 17 and 40 of ch. 137, Laws of 1857; Rev., § 1097. The defendant acted under its charter (ch. 137 *supra*) until May 11, 1866, when it organized as a city of the second class under the general act for the incorporation of cities and towns. Rev., ch. 51.

*1. CORPORATION MUNICIPAL: bridges.*

II. One of the facts found by the court was, " that the materials charged for by plaintiff in his account were used in the repair and construction of said bridge, and that the sawing charged for was of lumber used in said bridge, and that the charges therefor are reasonable; and that the same has not been paid for, except the credits given; and plaintiff testifies that he never had an account against Jackson county for materials for said bridge." The account sued on embraces items from June 11, 1865, up to December 4, 1866; while this action was not commenced until the 29th of September, 1869. The court found as a fact that certain of the items were actually furnished more than five years before the commencement of this action, and disallowed them as being barred by the statute of limitations. In our view these items are not barred, but are a part of a continuous, open, current account, and hence the statute did not begin to run until the date of the last item proved. Rev., § 2743; *Moser* v. *Crook*, *ante*, 172; *Wendeling* v. *Bes-*

*2. STATUTE OF LIMITATIONS: running account.*

*ser*, 31 Iowa, 248. The facts that no date, or an incorrect date, is fixed to the account, or that the account was kept as with or for the bridge and not directly charged to any one, would not change the effect of the statute, or limit plaintiff's rights under it.

III. It appears from the findings of fact that certain items of the account were made before the defendant took any definite corporate action in relation to the repair and maintenance of said bridge; and it also appears that one of the credits upon the account, exceeding the amount of such items, was made, for money received from the county of Jackson, by the hands of the supervisor from Maquoketa township. The court disallowed the items of the account, and refused to allow the plaintiff to withdraw the credit, but applied it on the balance of the account. We think that, in any event, the credit should have been applied so far as necessary to pay the disallowed items, and only the balance should have been retained as a credit upon the items of account furnished under the direct order of the defendant.

The effect of these holdings is, that the plaintiff is entitled to a judgment for the whole amount of his account less the credits made thereon.

Reversed.