## RECOVERY FOR SERVICES FOR NURSING AND ATTENDANCE.

Circuit Court of Stark County.

SAMUEL RUDY v. LETITIA RUDY.

Decided, February, 1912.

*Statutes of Limitations—Applied to a Contract for Labor and Services —Charge of Court as to Proof Required to Establish Agreement to Pay for the Services.*

1. Under a contract wherein the defendant is alleged to have made an express agreement to pay plaintiff for services theretofore performed and thereafter to be rendered and performed, the statute of limitations does not begin to run until the contract is terminated by breach or otherwise.

2. In such a case, the record disclosing no blood relationship between the parties, it is only incumbent upon the plaintiff to establish the contract by a fair preponderance of the evidence; and where the jury were instructed that the contract must be established by clear and unequivocal proof, error can not be predicated on a refusal to give a written instruction before argument to the effect that the burden was on the plaintiff to prove the existence of the contract by fair and satisfactory evidence.

3. A request to charge the jury in such a case that "if you find from the evidence that it is more probable the plaintiff rendered the services described in the petition as acts of kindness than with the expectation of being paid for the same, she can not recover in this action," was properly refused.

*Craine & Snyder,* for plaintiff in error.
*A. M. McCarty* and *L. C. Wise,* contra.

SHIELDS, J.; VOORHEES, J., and POWELL, J., concur.

This proceeding in error is prosecuted to reverse the judgment of the court of common pleas in an action wherein the defendant in error, plaintiff below, sought to recover of the plaintiff in error, defendant below, a judgment for a breach of an express contract for services rendered by the defendant in error to the plaintiff in error.

In the petition filed in the court below by Letitia Rudy, plaintiff below, she sets up that Samuel Rudy, defendant below, is indebted to her in the sum of $9,830, with interest thereon

from January 10, 1911, for work done and services per-
formed by her for the defendant, at his request, from the 16th
of February, 1892, or about said date, continuously until on or
about the 10th day of January, 1911, in caring for his room and
bed, washing his bed and clothing, cooking his meals, sewing and
mending for him, nursing, caring for and attending him when
sick and feeding him when he was unable to feed himself by
reason of sickness and injuries received by him, keeping and
caring for his promissory notes, bonds, deeds, securities and
other valuable papers, attending and accompanying him at times
when away from home, aiding and providing fuel, heat and light,
and entertaining him and looking after his comfort and well
being, and for furniture, bed clothing and supplies furnished by
her for his use during said period, which said services she says are
reasonably worth said sum of $9,830, no part of which has been
paid.

In said petition she further says that in the spring of the
year 1893, the exact date of which the plaintiff can not state,
the defendant made an express promise and agreement with
plaintiff to pay her for said work and services theretofore ren-
dered and performed by her for him, and for such work and serv-
ices as she should thereafter do and perform for him, but no time
for payment nor amount of payment was at any time agreed
upon, nor was there at any time any agreement as to how long
the performance of said work and services should continue, and
she prays judgment against the defendant for said sum of $9,830,
with interest thereon from January 10, 1911.

To the plaintiff's petition the defendant filed an answer in
which, for a first ground of defense, he denies each and all of the
allegations contained in said petition.

For a second ground of defense, the defendant avers that all
of the claim of the plaintiff for things done by her for the de-
fendant, as set forth in the petition, prior to January 10, 1905,
did not accrue within six years next before this action was begun
and is barred by the statute of limitations, there being no writ-
ten agreement between plaintiff and defendant concerning the
things set forth in plaintiff's petition.

To the defendant's answer the plaintiff filed a reply to the sec-
ond ground of defense thereof in which she admits that there is

no written agreement between the plaintiff and defendant concerning the things set forth in her said petition, but denies each and every allegation in said second ground of defense not therein admitted to be true.

With the issues thus made up, said cause was submitted to a jury, under instructions of said court, resulting in a verdict in favor of the plaintiff for the sum of $3,500. A motion for a new trial was filed by the defendant, which was overruled, and judgment was entered upon said verdict. A bill of exceptions was prepared and tendered embodying all the evidence taken upon said trial including said court's charge to the jury, and error is prosecuted in this court to reverse the judgment of said common pleas court. The petition in error filed contains the following assignments of alleged error as grounds for such reversal:

(1) Said court erred in overruling the motion of the plaintiff in error for a new trial.

(2) Said court erred in its charge to the jury on the trial of said action.

(3) Said court erred in refusing to give the charges, and each of them, asked for by the plaintiff in error, before the commencement of the arguments.

(4) The facts set forth in the petition are not sufficient in law to maintain said action against plaintiff in error.

(5) Said court erred in the admission of the evidence offered by the defendant in error, to which the plaintiff in error objected and excepted.

(6) Said court erred in ruling out the evidence offered by the plaintiff in error, to which the plaintiff in error excepted.

(7) Said judgment was given for the defendant in error when it should have been given for the plaintiff in error.

As claimed by counsel in argument, the main question raised upon this record is not solved by any adjudicated case in the courts of this state, at least no such case is cited, but we find that like questions have been adjudicated in other jurisdictions, and we are therefore not without aid in applying recognized rules of construction to the claim made by the defendant below, under the contract between the parties hereto, in respect to the statute of limitations.

The contract in question is denied by the plaintiff in error, but he insists that if made, as alleged in said petition, it does not limit the time for the termination of the services rendered, or fix any time therein for their payment, or specify the prices to be charged and to be paid for said services, and therefore the plaintiff's right of recovery is limited to six years immediately preceding the commencement of the action. · In this contention we agree with counsel, if the action is based upon a running account for a period beyond six years, for under the holding of our courts, each item of an account is barred in six years after the right of action accrues thereon, unless there has been a part payment of the account or an acknowledgment of liability thereon, or a promise to pay the same in writing signed by the party to be charged thereby within six years before the action is commenced (*Courson's Exrs.* v. *Courson,* 19 O. S., p. 454). " Every item of an account carries with it an implied promise of payment, each sale, if made at different times, being a completed and independent contract, and subjects each item thereof to. the rule imposed by the statute of limitations, but the question here made is not one on an open account, or on an account stated, but arises upon contract—upon an account for services furnished under a contract. The petition recites:

"That in the spring of the year 1893, the exact date whereof the plaintiff can not state, the defendant made an express promise and agreement to pay her for said work and services theretofore rendered and performed by her for him, and for such work and services as she should thereafter do and perform for him, but no time for payment nor amount of payment was at any time agreed upon, nor was there at any time any agreement as to how long the performance of such work and services should continue."

Said services having been rendered under a contract, nothing being specified therein as to what time payment therefor should be made, or how long such labor should continue or be performed, the question arises as to when the statute of limitations begins to run? As before stated, the plaintiff in error insists that all but six years of the claim of the plaintiff below, before suit was brought, is barred by the statute of limitations, and in connection with authorities cited he also cites Section 11222, General Code, which provides that an action upon a contract not in writ-

ing, either express or implied, is limited to six years. Is this contention supported by the decisions of courts where the question here presented has been squarely met and passed on, or is said contract to be construed as a continuous contract where the statute of limitations begins to run at the close of the services rendered?

In the case of *Carter* v. *Carter*, 36 Mich., 207, it is held that:

"Where a person goes into the service of another upon an indefinite promise of payment for the same, and no price or no period is fixed, the bargain and service are alike continuous, and the statute of limitations does not begin to run against the claim until the service is concluded; the right of action at the close of the service is an entire right and applies to the entire service, and the employe is entitled to claim for the whole amount of all unpaid wages for all the service rendered under the agreement."

In *Hall* v. *Wood*, 9 Gray (Mass.), p. 60, it is held that:

"An account for work and labor, with a bill of particulars, some items of which bear date more than six years before the commencement of the action, may be maintained for the full amount, notwithstanding the statute of limitations, if the whole work was done under an entire contract."

In the 25 Cyc., p. 1076, it is held that:

"As against a cause of action to recover compensation for services rendered under an entire, indivisible contract, the statute begins to run when work is completed, although the work may consist of numerous parts or items, and although the contract provides that the compensation shall be made at stated intervals or in installments. This rule applies where the employer prevents further rendition of services, as by discharging the employe, or renouncing the contract; the employe's action being to recover the value of the services actually rendered."

In *Schoch's Administrator* v. *Garrett*, 69 Penna. State, 144, it is held that:

"On the death of his wife, a father asked his daughter, the wife of the plaintiff, to keep his house, take care of him, etc., saying she should be well paid. The daughter kept the house for eleven years, until the father's death. In an action against his administrator by the husband for the wife's services, the court charged, that if the jury found it to be an entire contract not

completed till the father's death, the statute of limitations would not bar any part of the claim till six years after the death.''

In *Littler* v. *Smiley*, 9 Ind., 116, it is held that:

''Services rendered under an agreement which does not state the time of payment or when the contract shall terminate, are under an entire continuous contract, and the statute of limitations does not begin to run until the service ceases.''

.In *O'Brien* v. *Sexton*, 140 Ill., 517-524, it is held that: ·

''Where there is no special contract, the law will imply an agreement to pay for the materials as delivered and the work as done; but when one continuous piece of work, consisting of a number of parts or items, is to be performed, the statute of limitations does not begin to run upon the completion of each separate part or item, but upon the completion of the whole. If the several'items are merely parts of one transaction, the statute begins to run from the date of the last item.''

In the case of *Morrissey* v. *Faucett*, 28 Washington, p. 52, it is held that:

''Where services are rendered under a contract for an indefinite time, with no period of payment specified, the employment is a continuous one and the statute of limitations will not begin to run against an action to recover compensation until the services are ended.'' Case of *Ah How* v. *Furth*, 13 Wash., 550, also cited.

In the case of *Shorick, Guardian*, v. *Bruce*, 21 Iowa, p. 305, it is held that:

''When labor is performed under one entire contract running through several months, the statute of limitations commences to run from the completion of the work.''

The same holding has likewise been made by courts in other states, but we do not deem it necessary to give citations from them.

In *Page on Contracts*, Volume 3, at Section 1655, the principle is also recognized that:

''Limitations do not run against a continuing contract, as between the sheriff or his deputy or a contract to work for compensation, no time being specified either for payment or for the termination of the contract until the end thereof.''

In *Wood on Limitations,* at page 348, the principle is also recognized that:

"In a contract for services, if the work is done under a continuous contract, and no time for payment is fixed, a right of action does not accrue until the work is completed."

True, as contended by plaintiff in error, a contrary doctrine seems to prevail in New York, and possibly elsewhere; but the general current of authority, under a contract such as we have been considering, fixes the time for the commencement of the statute of limitations to run at the termination or close of the services which, in this case, is January 10, 1911, when the breach of the contract occurred, and before which time the plaintiff below could not have maintained her action.

We hold, therefore, that this exception to the charge of the court below affords no ground of error.

Plaintiff in error also insists that the court erred in charging the jury that it might consider the claim of the plaintiff below for services rendered from February 19, 1892, to the time when said contract was made. It is claimed that there is no consideration supporting such promise for services already rendered. We think it clearly appears that the contract is entire, and if any part of it is valid and enforcible for the recovery of services rendered, the entire contract is valid and enforcible. The language of the contract is:

"That the defendant made an express promise and agreement to pay her for said work and services theretofore rendered and performed by her for him and for such work and services as she should thereafter do and perform for him."

This part of the contract, we think, is to be construed together, and in the instruction of the court to the jury in this respect we find no error.

Plaintiff in error also urges upon our attention that the court below erred in refusing to give to the jury the following written requests, before argument:

(1) Before you can render a verdict for the plaintiff you must find by clear and satisfactory evidence that plaintiff and defendant entered into the contract set forth in the petition, and the burden of proving said contract is on the plaintiff.

(2)   If you find from the evidence that it is more probable that the plaintiff rendered the services described in the petition as acts of kindness, than with the expectation of being paid for the same, then she can not recover in this action.

(3)   If you find that the plaintiff and the defendant entered into the contract set forth in the petition then you can only allow the reasonable value of the wages rendered by plaintiff to the defendant under said contract, during the six years immediately preceding the 21st day of April, 1911, the time of the commencement of this action.

Sub. 5 of Section 5190, R. S. provides that:

"When the evidence is concluded, either party may present written instructions to the court on matters of law, and request the same to be given or rejected by the court before the argument to the jury is commenced."

Does request No. 1, present a proposition of sound law as applied to the case at bar? If it does, said request should have been given, but if not, it was properly refused. Contracts ordinarily are established by a preponderance of proof, except in cases where family relationship obtains and where a higher degree of proof is required to overcome the natural presumption arising out of such relationship. The record in this case discloses no such relationship between the parties to the contract in question, and the right of the plaintiff below to recover on her claim set up in said petition is therefore unaffected by considerations of the character mentioned. This action being one on contract, it is incumbent on the plaintiff below to make proof of said contract by a fair preponderance of proof, but it appears that the court below even went further, and in its general charge instructed the jury that in order to entitle the plaintiff to recover, the contract must be established by clear and unequivocal proof. We think, therefore, that said request No. 1 was properly refused, and in the refusal of the court to give said request there is no error.

Request No. 2 we hold was properly refused. Of course had the jury found that the services rendered were so rendered without any expectation of being paid for, no recovery could be had therefor, but an instruction to the jury that if they should find from the evidence that it is more probable that such services were

rendered as acts of kindness than with the expectation of being paid for the same, is, in our judgment, a marked departure from the well recognized rules of law governing courts in their instructions to juries in respect to their duties in civil cases, and we therefore hold that request Number 2 was properly refused, and in the refusal of the court to give said request there is no error.

Request No. 3 we hold was properly refused for the reasons already stated.

Not overlooking the importance of this case to the parties hereto, we have read the record herein with no little care and find no substantial or prejudicial error to the plaintiff in error in the admission or rejection of evidence upon the trial, to which exceptions were taken by the plaintiff in error, and upon the whole record we find no error committed by the court prejudicial to the legal rights of the plaintiff in error, and the judgment of the court of common pleas is therefore affirmed, with costs, but without penalty. Exceptions noted.