WILLIAM BIERKAMP, Appellee, v. M. BEUTHIEN et al., Appellants.

**BROKERS:** Action for Compensation—Pleading—Express Contract—
1 **Quantum Meruit—Variance.** A broker who, in his pleading, plants his right to recover solely on an express contract of employment and not on any claim of *quantum meruit*, must recover upon proof of such express contract and compliance therewith, or not at all. So *held* where the evidence wholly failed to show that the wife, jointly sued with her husband on an express contract, ever contracted with the broker or authorized her husband to so contract for her.

TRIAL: Instructions—Applicability to Evidence. It is error to instruct on a theory unsupported by any evidence. So *held* where the court submitted to the jury the question whether a wife had authorized her husband generally to contract in her behalf, there being no evidence of such authorization.

HUSBAND AND WIFE: Agency of Husband for Wife—Insufficiency of Showing. The naked fact that a wife knew that her husband was trying to bring about a sale of her property is insufficient to render her liable for the commission of a broker employed by the husband alone.

TRIAL: Conduct of Court—Hostile Examination of Witness. The hostile examination of witnesses *by the court*, in a manner calculated to impress the jury with the belief that the court did not believe their story, may constitute reversible error.

*Appeal from Cedar District Court.*—MILO P. SMITH, Judge.

THURSDAY, JANUARY 13, 1916.

ACTION at law to recover commission alleged to have been earned by plaintiff in procuring a purchaser of the property of defendant. There was a verdict for plaintiff, and from the judgment entered thereon, the defendants appeal.— *Reversed and Remanded.*

*W. G. W. Geiger,* for appellants.

*J. C. France,* for appellee.

WEAVER, J.—The defendant, Elise Beuthien, wife of her codefendant, M. Beuthien, owned certain property in the town of Durant, which she sold and conveyed to one Miller. The plaintiff sues both husband and wife to recover a commission upon such sale, alleging that he procured Miller to make the purchase, as he had been previously authorized to do by the defendant M. Beuthien. The defendants, separately answering, deny plaintiff's agency in the matter of said sale, and deny his right to a commission thereon.

I. Error is assigned upon the refusal of the trial court,

at the close of the trial, to direct a verdict in favor of the defendant Elise Beuthien, because of the lack of evidence to justify a finding that she employed the services of the plaintiff or authorized any other person to do so.

1. BROKERS: action for compensation: pleading: express contract: *quantum meruit:* variance.

We are of the opinion that the exception is well taken, and that verdict should have been directed in favor of said defendant. The record is wholly barren of evidence that plaintiff was ever employed by or for this defendant, or that she knew or understood that, in whatever he did with reference to the sale, plaintiff was acting or claiming to act as her representative. His conduct in her presence and his conversations with her or in her presence were not at all inconsistent with the theory that, in so far as he represented anybody in the transaction, it was the buyer, rather than the seller, and this is what she claims to have supposed. It is to be borne in mind that plaintiff has sued in this case upon an alleged express contract, and not upon a *quantum meruit*, and he must recover upon proof of the making of such express contract and the performance of the agreed service, or not at all. *Hunt v. Tuttle*, 125 Iowa 676. Applying that rule to the record in this case, there should have been no recovery against Mrs. Beuthien.

In this connection, we may also note the appellant's exception to the fourth paragraph of the court's charge to the jury. The court there stated one phase of the rule of law applicable to the case to be that, "if the defendant M. Beuthien was authorized generally to act for his wife in this matter, or for both of them, and he did so act", then she would be liable to plaintiff for his commission, the same as if all the transactions were had between herself and plaintiff directly. For reasons already stated, this instruction should not have been given. There is no evidence to the effect that the husband was authorized to act in the matter generally for his wife, or to bind his

2. TRIAL: instructions: applicability to evidence.

wife to an obligation to pay an agent's commission for the sale

**3. HUSBAND AND WIFE: agency of husband for wife: insufficiency of showing.**
of her own property. She doubtless did understand that her husband was trying to bring about a sale of the property, and it was within her right to approve any sale he might arrange for, if she found it satisfactory, and to carry it out by executing and delivering the proper conveyance, but it needs more than this to bind her to liability for the fees or services of agents whom he may employ in such transaction.

II. The appellants further complain that the trial court erred to their prejudice in interrupting the course of the trial and itself conducting extensive examination of the witnesses,

**4. TRIAL: conduct of court: hostile examination of witness.**
and especially of the defendant M. Beuthien, in a manner calculated to impress the jury with the thought that the court did not believe the witness, and that, in its view, the defense was without merit.

In this respect, also, we think the objection must be sustained. None knows better than does this court the high character of the trial judge and his unimpeachable purpose to give all litigants a fair hearing and to do equal and exact justice to all, without respect to rank or station. But judges are human, and the weariness and vexations attendant upon a laborious term of court sometimes lead to departures from that guarded poise and self-control which are wont to mark its conduct of trials; and under such circumstances, it is fatally easy to do irreparable injury to the cause of a litigant without realizing it, and very certainly without intending it. We shall not burden this opinion with any extensive recitation of the record in detail at this point. It is enough to mention that the examination of the defendant M. Beuthien by his own counsel was very frequently interrupted by the court; and, on several occasions, the questioning by the court had the appearance of severe cross-examination; and that such examinations, in the aggregate, are sufficient to fill several

printed pages of the record. In the course of these inter-
ruptions, we may say, by way of illustration, the court
remarked to the witness, "Yes, wait until he finishes the
question, it will be hard enough to answer then." And again,
when counsel was endeavoring to draw from his client certain
information, the court broke in with the sarcastic suggestion,
"Why don't you tell him what to say?" Again, the defendant
having denied that plaintiff was instrumental in making the
sale, and having also testified to a certain conversation between
himself and the purchaser at one time on the railway train,—
two statements which, from the plaintiff's standpoint, were not
entirely consistent with the defense,—the court repeatedly and
with much persistence interrogated the witness minutely with
respect to the conversation on the train, in a manner which
could not have failed to emphasize that episode in the minds
of the jurors in a manner unfavorable to the defense. Again,
when defendant's counsel raised objection to the line of the
court's inquiries, as calling for testimony which was hearsay
and incompetent, the court responded, by way of explanation,
"It is cross-examination." It seems hardly necessary to sug-
gest that the hostile cross-examination of witnesses is no part
of the functions of a court presiding at a jury trial. As a
proposition of fact or morals, the judge may have been
entirely justified in disbelieving the defendant as a witness,
and have been fully convinced of the justice of the plaintiff's
claim; but it was the right of the defendant to have the ver-
dict of the jury thereon uninfluenced by any intimation, direct
or indirect, from the court. The quick sensitiveness of the
jurors to catch the lightest suggestion of the court's opinion
upon any question submitted for their decision is well known,
and it requires unflagging caution by every court to "keep the
balance right adjusted". When this is neglected or forgotten,
a new trial is the only effective cure for the error. *State v.
Allen,* 100 Iowa 7.

Further discussion is unnecessary. For the reasons given,

the judgment below will be reversed and cause remanded for a new trial.—*Reversed and Remanded.*

EVANS, C. J., DEEMER and PRESTON, JJ., concur.