## ALVARADO v. SOUTHERN PAC. CO.
### (No. 680.)

(Court of Civil Appeals of Texas. El Paso. March 29, 1917.)

1. LIMITATION OF ACTIONS ⟨⟩74(1)—FEDERAL EMPLOYERS' LIABILITY ACT—INSANITY.

Under federal Employers' Liability Act April 22, 1908, c. 149, § 6, 35 Stat. 66 (U. S. Comp. St. 1913, § 8662), providing that no action shall be maintained under the act unless commenced within 2 years from the day the cause of action accrued, there being no exception in the act extending the time within which suit may be brought by an employé in the event of his insanity, the courts are not at liberty to apply state statutes extending or tolling the time for filing a suit because of insanity, so that, where the injuries to a railroad employé engaged in interstate commerce rendered him insane, his cause of action accrued at the time of the injury, and a suit could not be maintained under the act by his next friend more than 2 years after the date of the injury.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 413.]

2. LIMITATION OF ACTIONS ⟨⟩55(4)—FEDERAL EMPLOYERS' LIABILITY ACT—LIMITATION OF TIME TO BRING ACTION.

If federal Employers' Liability Act April 22, 1908, § 6, is a statute of limitation and could be tolled for want of some one who could sue upon the right of a railroad employé rendered insane by injuries received by him while engaged in interstate commerce, the employé having a mother who was entitled to sue as his next friend, a cause of action in his behalf accrued at the date of the injury.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 302.]

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by Fred M. Alvarado, by his next friend, Mrs. C. Alvarado, against the Southern Pacific Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Geo. E. Wallace and W. S. Berkshire, both of El Paso, for appellant. Beall, Kemp & Nagle, of El Paso, for appellee.

WALTHALL, J. Appellant, through his next friend, Mrs. C. Alvarado, brought this suit against appellee, the Southern Pacific Company, in the district court of El Paso county, Tex., for personal injury alleged to have been sustained by Fred M. Alvarado, at Los Angeles, Cal., through the negligence of appellee. Appellant alleged that by reason of the injuries received, Fred M. Alvarado was rendered insane, and that he was insane at the time of the filing of the suit. The following agreed statement of facts appears in the record:

"It is agreed by and between plaintiff and defendant in open court, by and with the knowledge and consent of the court, that plaintiff shall not be required to make a complete statement of all the evidence introduced by him on the trial of this cause, it being agreed by the parties to this suit that the evidence adduced upon the trial of the cause by plaintiff was briefly and substantially as follows, to wit: That the alleged accident to plaintiff occurred on the 16th day of March, 1913, while he was employed by the defendant in working in, on, and around and repairing a locomotive boiler which was used and intended to be used in interstate commerce, and that both plaintiff and defendant were at said time engaged in interstate commerce. That the federal Employers' Liability Act and amendments thereto control the rights of the plaintiff and defendant in this case, and that the injuries which the plaintiff sustained, if any, were sustained by him while engaged in interstate commerce. That the defendant introduced no evidence, and the evidence of the plaintiff was sufficient to raise the issue for the jury, and showed and tended to show, that plaintiff was struck on the head by a side set; that the side set weighed four to six pounds, and that the injury sustained by plaintiff was due to the negligence of defendant, and rendered him insane, and that he has continuously since the date of said accident been insane. That no legal guardian has ever been appointed for the person or estate of plaintiff. That this suit was instituted in this court on the 15th day of April, 1916, by Mrs. C. Alvarado, mother of the plaintiff, as his next friend, and for the sole use and benefit of said Fred M. Alvarado. That plaintiff is 29 years old."

The case was heard before a jury, and after the plaintiff's evidence was introduced and he had rested his case, defendant presented a motion to instruct a verdict in its favor on the ground that the pleadings and uncontroverted evidence show that if plaintiff was injured, he was injured while in the employ of defendant company and while engaged in interstate commerce, and that the federal Employers' Liability Act and amendments thereto apply, and the pleadings and uncontroverted evidence show that if plaintiff was injured, his injuries occurred in Los Angeles, Cal., on the 16th day of March, 1913, and that this suit was not instituted until the 15th day of April, 1916, and more than 2 years had elapsed after the accident prior to the institution of the suit, and because the same is not maintainable under the federal Employers' Liability Act after the expiration of 2 years, there being no exception extending the time beyond the 2-year limit in the statutes. The trial court sustained defendant's motion, and instructed the jury to return a verdict in favor of defendant. The correctness of the court's ruling on the motion is the only question presented in the record. The contentions made by the appellant under his several assignments are to the effect that where a person is rendered insane through the negligent act of another, and no legal guardian is appointed for his person or estate, the statute of limitation does not run against a cause of action of such insane person because there is no one legally authorized to file the suit; and because the limitation does not commence to run until there is such person in existence; and because section 6 of the federal Employers' Liability Act provides that suit shall be brought within two years after the cause of action accrues, and if a person is injured, and such injury immediately rendered him insane, then and in that event the cause of

action will not accrue so as to start the statute of limitation until there is some one legally appointed or authorized to file and prosecute the suit.

The contentions of the defendant are, substantially, that the pleading and proof show that more than two years had elapsed between the happening of the accident causing the injury and the filing of the suit, and for that reason the cause of action had ceased to exist; that plaintiff's rights were created by the act of Congress, and under the act ceased to exist at the expiration of 2 years from the accrual of the cause of action; that the statute is not merely one of limitation, but is a period of time fixed by the federal statute, at the expiration of which plaintiff's cause of action absolutely ceased; that were it conceded that section 6 of the federal act is a statute of limitation, same would control to the exclusion of any state law, and there being no suspension of the statute of limitation under the act, the laws of this state suspending the statute of limitation on account of insanity have no application; that the plaintiff's cause of action accrued immediately upon the happening of the accident, and at all times since the happening thereof he could have brought his suit by the intervention of a next friend, as was in fact done in this case; that plaintiff's rights, if any, under the pleadings and proof are governed by the federal Employers' Liability Act and to hold that his right of action is not barred or has not ceased to exist would be in contravention of the statutes and laws of the United States.

[1] Section 6 of the federal Employers' Liability Act of April 22, 1908, provides that:

"No action shall be maintained under this act unless commenced within two years from the day the cause of action accrued."

The question to be determined is whether the action accrued so that the period of time stated in the statute began to run from the happening of accident causing the injury complained of, and the right terminated before the suit was filed. The above agreement as to the facts shows that:

"The blow received on the head by plaintiff rendered him insane, and that he has continuously since the date of said accident been insane."

The suit was not brought within two years next after the accident. The accident did not result in the death of Fred M. Alvarado, so that the pecuniary loss sustained by him by reason of the injury remained with him. The question then is: Was there any person in esse at the time of the accident who could bring the suit? We think we, need not discuss what the question would have been had death resulted, thereby giving rise to a cause of action in others, in which administration on the estate of a decedent or some qualification in others might be necessary before a suit could be brought. This suit was brought by a next friend, and no question is made as to her right to sue. There was then a person in esse who could and did bring the suit upon the cause of action. If Mrs. C. Alvarado, plaintiff's mother, was legally authorized to sue, plaintiff's proposition that limitation would not begin to run, as there was no one legally authorized to file the suit, would be without merit. We think the statute would not be tolled until such time as the next friend might elect to sue. The plaintiff's rights are governed by the federal Employers' Liability Act. The Supreme Court of the United States in Atlantic Coast Line Railroad Co. v. Burnette, 239 U. S. 199, 36 Sup. Ct. 75, 60 L. Ed. 226, holds that the provision of that act is not a mere statute of limitation. Any statute of a state suspending the operation of the statute of limitation in that state is inapplicable. Kavanagh v. Folsom (C. C.) 181 Fed. 401. There being no exception in the federal act, extending the time within which a suit for a personal injury by an employé of a railroad engaged in interstate commerce can be brought, in the event of his insanity, courts are not at liberty to apply state statutes extending or tolling the time for filing suit, or extending the time for bringing the suit by judicial construction. The rule would be otherwise if this were a suit in one state for a liability accruing in another state, where the state law would be involved and the rule of limitation is controlled by the lex fori. But the federal Employers' Liability Act under which this suit is brought is equally the law of all the states, and there is not provided in the act, or in the federal statutes, a saving against the time for filing the suit as to insanity. It was so held in Shorick v. Bruce, 21 Iowa, 305, referred to in 25 Cyc. 1265, where it is said:

"Limitations run against every one without regard to disability of insanity, unless there is a saving of such cases in the statute."

Vaught v. Virginia & S. W. R. R., 132 Tenn. 679, 179 S. W. 314, was a suit brought by the administrator of Campbell, under the federal Employers' Liability Act. The Supreme Court of Tennessee in that case said:

"It was not the intention of Congress, upon enactment of this law, to permit any variation of its terms by the Legislatures of the states; but the intention is clear, from the rules of law applying in such matters, as well as upon reason, that Congress, in taking over control of the whole subject, intended that the limitation of 2 years was conditioned upon the right to sue at all. The statute created a right of action which did not before exist. The condition to that right was that suit should be instituted within 2 years from the date the right of action accrued. While Congress gave the right to institute the action in the state courts, this does not change the rule so well settled in other actions of like character predicated upon federal statutes. The action broadened the forum within which suit might be instituted and extended it to state courts; but it is nevertheless a federal law. There is no provision in the federal act giving the right upon voluntary nonsuit, to institute a new suit after the expiration of two years."

In that case suit had been brought in a state court within 2 years and dismissed, and was again brought in the federal court, under the state statute permitting the commencement of a new action within 1 year without trial upon the merits. In Shorick, Guardian, v. Bruce, 21 Iowa, 305, the Supreme Court said:

"The thought that the statute would not run because Wilson, the ward, was a person of unsound mind, or incapacitated to sue, finds no support, either in the statute or in the rules of common law. See this subject discussed in Campbell v. Long, 20 Iowa, 382. The statute makes no exception in favor of lunatics or those of unsound mind. Not laboring under any of the disabilities mentioned, they are not exempt from the operation of the statute. Angell on Limitation, §§ 474, 194, and 185."

To the same effect is Collier v. Smaltz, 149 Iowa, 230, 128 N. W. 396, Ann. Cas. 1912C, 1007.

[2] The case of Sasser v. Davis, 27 Tex. 656, cited by appellant, is not in point for the reason that while the general provision of the statute of limitation of this state at the time the suit was brought declared that all actions for injuries to the person of another shall be brought "within one year next after the cause of action or suit, and not after," it was held the general provision was controlled by a subsequent section in the same law excepting from the operation of the general provision persons of unsound mind during the existence of their disabilities. There is no such provision in the federal statute under which this suit was brought. The cases we have examined convince us that we must look alone to the federal act in determining the rule to be applied; that inasmuch as the federal act contains no exception to the provision that no action shall be maintained under the act unless commenced within two years from the date the cause of action accrues, the period of time within which the suit must be brought would commence on the happening of the accident. But if we should be mistaken as to that, and if the statute is one of limitation and would be tolled for want of some one who could sue upon that right, as held by Circuit Judge Brigham in American Ry. Co. of Porto Rico v. Coronas, 230 Fed. 545, 144 C. C. A. 599, L. R. A. 1916E, 1095, still we think, in this case, there was one who could and did sue for the plaintiff, and against whose right to sue no question is made. We then have present all of the facts essential to put the statute in motion, a cause of action, a person in esse to sue, and the one against whom the cause of action is laid. The view we entertain of the question presented is that there was no error in instructing the verdict.

The case is affirmed.