PHILLIP SAMMON, Appellee, v. M. J. ROACH, Appellant.

No. 40647.

FEBRUARY 17, 1931.

*Percival & Wilkinson,* for appellant.

*C. E. Hamilton,* for appellee.

STEVENS, J.—The cause of action stated in the petition is upon *quantum meruit*. An itemized statement showing debits and credits is attached thereto. The answer of appellant admitted the services, alleged settlement, and payment in full, and also set up the statute of limitations. The finding of the court, sitting as a jury, upon all questions of fact, as distinguished from purely legal conclusions, is binding upon this court. Therefore, questions of law only are presented for decision.

Testifying in his own behalf, appellee said that he hired himself to appellant on or about April 3, 1916, to work for him on a farm for seven months at $30 per month; that he then worked for appellant for three months, at an agreed compensation of $35 per month; and that, during the remainder of the time, which included several years, he was employed at an agreed compensation of $50 per month. This testimony is not denied, but, on the contrary, is corroborated by the appellant.

At the close of appellee's testimony, appellant moved the court to require the plaintiff to elect whether he would prosecute his action upon contract or *quantum meruit*. He elected to stand on the account as pleaded. Recalled, he testified to the reasonable value of his services. Another witness, whether called by appellant or appellee does not appear, testified that ordinary wages were, during the period covered, around $40 to $50 per month. The court specifically found against appellant on the issue of payment, and also that the account was open and current, and, therefore, not barred by the statute of limitations. The court also found the reasonable value of the services, with one exception, to be as agreed upon between the parties.

As indicated, the petition of appellee contains but a single count, and that is based upon *quantum meruit*. The court found and held that the action was to recover a balance due on an  open, continuous, current account. It is the contention of appellant that this finding is erroneous, and contrary to the undisputed evidence in the case. Appellee was employed by appellant under a series of express contracts: that is to say, the term of each employment was either definitely expressed or clearly understood by the parties, and the compensation was, in each instance, fixed absolutely by the several contracts. Nothing was left by the parties to implication. A

continuous open account is one that includes a series of items. The term has been often defined, and we shall content ourselves with the citation of the authorities, without repetition of what has previously been said. *Tucker v. Quimby,* 37 Iowa 17; *Wertz v. Ryan,* 192 Iowa 517; *McCord v. Page County,* 192 Iowa 357; *Spencer v. Sowers,* 118 Kan. 259 (234 Pac. 972, 39 A. L. R. 365); *Connor Livestock Co. v. Fisher,* 32 Ariz. 80 (255 Pac. 996, 57 A. L. R. 196).

A series of independent express contracts for services to be performed for an agreed compensation does not constitute an open, continuous, current account. Authority bearing directly upon this point is not plentiful in this state;  but this court, in *Shorick v. Bruce,* 21 Iowa 305, held specifically, under a similar situation, that the case did not involve a continuous current account. This would seem to be clear upon reason, and without the necessity of authority to support it. The rule is well settled in this state that, where a cause of action is based solely upon *quantum meruit,* recovery cannot be had if the proof offered in support thereof establishes an express contract. It is equally true that, if the cause of action is based upon contract, recovery may not be had upon the theory of *quantum meruit. Duncan v. Gray,* 108 Iowa 599; *Hunt v. Tuttle,* 125 Iowa 676; *Walker & Davis v. Irwin,* 94 Iowa 448; *In re Estate of Oldfield,* 158 Iowa 98; *Bierkamp v. Beuthien,* 173 Iowa 436; *Murphy v. Williamson,* 180 Iowa 291; *Cammack & Son v. Weimer,* 181 Iowa 1; *Goben v. Des Moines Asph. Pav. Co.,* 208 Iowa 1113; *Russell v. John Clemens & Co.,* 196 Iowa 1121.

Counsel for appellee relies primarily upon *Mills & Co. v. Davies,* 42 Iowa 91; *Haywood v. Woods,* 28 Iowa 563; *Shorick v. Bruce,* supra; *Kilbourn v. Anderson,* 77 Iowa 501; *Wendeling v. Besser,* 31 Iowa 248. None of the foregoing cases are in point, as a casual reading thereof will show. The full term of employment of appellee under the several contracts was continuous from April 16 to September 1, 1921. The number of contracts actually entered into during this period is wholly immaterial. The decisive factor in the case is that all of the services were performed and rendered under express oral agreements, specifically fixing the compensation to be paid. The fact that the action

is to recover a balance due is not, in itself, determinative of any controverted question in the case. The record does show that appellant made payments at irregular intervals, but they were all made in pursuance of existing contracts. If appellant failed to make payments monthly, as agreed, a cause of action arose immediately in favor of appellee. The failure of appellant to make prompt monthly payments, if such was the understanding and agreement of the parties, appears to have been mutually waived, or, at least, appellee did not insist thereon. Appellee was given the opportunity, during the trial, to elect whether he would rely upon express contract or *quantum meruit*. He chose the latter, and no amendment to the petition was tendered. The difficulty encountered by appellee at this point was obviously the statute of limitations.

It is our conclusion that there was a fatal variance between the allegations of the petition and the proof, and consequently the petition should have been dismissed.—*Reversed.*

Faville, C. J., and De Graff, Albert, and Wagner, JJ., concur.